*In re:* ADVISORY OPINION TO THE GOVERNOR.

En Banc.

Opinion Filed May 12, 1927.

1. Section 43 of Article V. of the Constitution constitutes the authority for Chapter 11366, Acts of 1925, under which the Governor was required to appoint an additional Circuit Judge for the Eleventh Judicial Circuit.

2. Upon the enactment of Chapter 11366, Acts of 1925, the office of Additional Circuit Judge for the Eleventh Judicial Circuit was created. The term of office was six years and

it began to run from the date of the appointment of a person to hold such office during which period it might be held by the Governor's appointee subject only to confirmation by the Senate of such appointment.

3. When a vacancy occurs in the office of a Circuit Judge during a recess of the Senate the Governor fills the vacancy by appointment to hold no longer than the end of the next ensuing session of the Senate and when the Senate convenes in session it is the duty of the Governor to submit appointees to fill such vacancies to the Senate for confirmation for the unexpired term.

Tallahassee, Florida, May 9, 1297.

To the Honorable the Justices of the Supreme Court of Florida.

Gentlemen:

Chapter 11366, Laws of Florida, approved November 30, 1925, provided for the appointment of an additional Circuit Judge for the Eleventh Judicial Circuit of Florida. Pursuant thereto, I appointed the Honorable Will H. Price as additional Circuit Judge of the Eleventh Judicial Circuit of Florida, his commission being issued December 12, 1925. In and by said commission the said Will H. Price was appointed to hold said office "from the twelfth day of December, 1925, until the end of the next ensuing session of the Senate, unless an appointment be sooner made and confirmed by the Senate."

Thereafter, but prior to the next ensuing session of the Senate, the said Will H. Price resigned as additional Circuit Judge of said Circuit, his resignation becoming effective June 1, 1926. I thereupon appointed the Honorable W. L. Freeland as additional Circuit Judge of the Eleventh Judicial Circuit of Florida, to fill the vacancy caused by the resignation of the Honorable Will H. Price, his commission being issued June 21, 1926. In and by said commission the said W. L. Freeland was appointed to hold

33—Vol. 93.

office "from the twenty-first day of June, 1926, until the end of the next ensuing session of the. Senate, unless an appointment be sooner made and confirmed by the Senate."

During the present session of the Senate I reappointed the Honorable W. L. Freeland as additional Circuit Judge of the Eleventh Judicial Circuit of Florida, submitted said appointment to the Senate and the same was confirmed by the Senate on April 14, 1927.

The question now arises as to how the·commission of Judge Freeland should read, that is to say; whether his commission should be for a period of six years commencing April 14, 1927, or whether for any shorter period of time.

Pursuant to Section 13 of Article IV. of the Constitution of Florida, I have, therefore, the honor to request the written opinion of the Justices of the Supreme Court as to the term for which, under the Constitution, I am authorized and empowered as Governor to issue a commission as additional Circuit Judge of the Eleventh Judicial Circuit of Florida, to the Honorable W. L. Freeland.

Very respectfully,<br>JOHN W. MARTIN,<br>Governor.

May 10, 1927.

Honorable John W. Martin,
    Governor of Florida,
        Tallahassee, Florida.
Sir:

Your communication of the 9th instant has been received and considered.

Section 43 of Article V. of the Constitution constitutes the authority for the Act of 1925, designated as Chapter 11366, under which the Governor was required to appoint an additional Circuit Judge for the Eleventh Judicial Circuit. That section of the Constitution provides that

each such additional Circuit Judge shall be appointed by the Governor and confirmed by the Senate and hold office for six years.

When the Legislature determined the existence of the fact that the Eleventh Judicial Circuit contained 75,000 inhabitants or more, the condition precedent named in the Constitution to the exercise of the power to make provision for the appointment of one or more additional Circuit Judges for such Circuit and enacted Chapter 11366, *supra,* it created the office of additional Circuit Judge for the Eleventh Judicial Circuit, which office should be filled by appointment by the Governor and such appointment confirmed by the Senate. The duration of the term of such office is six years.

Appointment by the Governor and confirmation by the Senate were not required to be concurrent in point of time. Indeed they could not be unless it had been the purpose of both the constitutional provision and Legislative Act that no appointment should be made by the Governor of an additional Circuit Judge until the Legislature should convene in Regular or Extraordinary session and no such purpose is evident either by express provision or necessary implication.  It follows, therefore, that when the Legislature acted a new office was at once created, the term of which should be six years to begin and run from the date of the appointment of a person to hold such office during which period it might be held by the Governor's appointee subject only to confirmation by the Senate of such appointment.

The Hon. Wm. H. Price, who became your Excellency's first appointee, served only a part of the term of six years and resigned before the Legislature convened in 1927; whereupon the Hon. W. L. Freeland was appointed to the office made vacant by the resignation of the Hon. Wm. H. Price. That a vacancy existed we deem to be settled by

statutory provision. See Section 396, Revised General Statutes 1920.

That Section provides that: ''Every office shall be deemed vacant in the following cases:

''First. By the death of the incumbent.

''Second. By his resignation. * * *

''Sixth. When any office created or continued by the Constitution or laws shall not have been filled by election or appointment under the Constitution or law creating or continuing such office.''

In an Advisory Opinion to the Governor, printed in the 45th volume of the Florida Reports at page 154 and reported also in 34 Southern Reporter at page 571, the Justices of this Court expressed the view that when a vacancy occurs in the office of a Circuit Judge during the recess of the Senåte the Governor properly fills such vacancy by appointment to hold no longer than the end of the next ensuing session of the Senate and when such next ensuing session of the Senate convenes it is the duty of the Governor to submit appointees to fill such vacancies to the Senate for confirmation for the unexpired term.

Section 7 of Article IV. of the Constitution requires the appointment by the Governor to be for the unexpired term when any office shall become vacant and no mode is provided by the Constitution or by the laws of the State for filling such vacancy. See also Section 33, Article V. of the Constitution.

Now, Section 399, Revised General Statutes 1920, which was Section 301 of the General Statutes of 1906 and Section 217 of the Revised Statutes, and which was construed in the above opinion, provides the mode for filling such vacancies. So under the constitutional provision Section 7, Article IV., and Section 217, Revised Statutes, the Court deemed it to be the Governor's duty to fill the vacancy by appointment to hold no longer than the end of the next

ensuing session of the Senate and when the Senate convenes to submit appointees to fill such vacancies to the Senate for confirmation for the unexpired term.

The last clause of Section 399, Revised General Statutes 1920, which is as follows: ''The person so appointed may hold until the end of the next ensuing session of the Senate unless an appointment be sooner made and confirmed and consented to by the Senate,'' is clear in meaning when it is considered that when an appointment is made while the Senate is in recess the appointee may hold only until the end of the next ensuing session of the Senate. It follows, therefore, when an appointment is made to fill a vacancy during a recess of the Senate that the Governor should submit to the Senate next ensuing either the name of the same appointee or that of another person for appointment to fill the unexpired term.

We are of the opinion, therefore that the term of the office of additional Circuit Judge of the Eleventh Judicial Circuit began to run from the date of the appointment of the Hon. Wm. H. Price on December 12, 1925.

The resignation of Judge Price created a vacancy in that office. The appointment of the Hon. W. L. Freeland on June 21, 1926, entitled him to hold the office until the end of the next ensuing session of the Senate unless an appointment was sooner made and confirmed and consented to by the Senate. Your subsequent appointment of the Hon. W. L. Freeland during the present session of the Senate and the confirmation thereof by that body was only to fill the vacancy in the office for the unexpired term.

Respectfully,

W. H. ELLIS, C. J.;
J. B. WHITFIELD,
GLENN TERRELL,
LOUIE W. STRUM,
ARMSTEAD BROWN,
RIVERS BUFORD.