SUPREME COURT OF FLORIDA

EN BANC.

IN RE: ADVISORY OPINION TO THE GOVERNOR.

Opinion filed June 5, 1931.

STATE OF FLORIDA

EXECUTIVE DEPARTMENT

TALLAHASSEE

June 4, 1931.

To The Honorables The Justices of
the Supreme Court of Florida,
City.

Gentlemen:

Chapter 11366, Laws of Florida, approved November 30, 1925, provided for the appointment of an additional Circuit Judge for the Eleventh Judicial Circuit of Florida and pursuant thereto Honorable John W. Martin, Governor, appointed Honorable Will H. Price as such (additional) Circuit Judge of the Eleventh Judicial Circuit of Florida.

Honorable Will H. Price was the first appointee to this new judgeship, but he was not appointed until after the adjournment of the 1925 session of the Legislature and the commission issued to the Honorable Will H. Price was dated December 1925 and read to hold said office ''from the 12th day of December 1925 until the end of the next ensuing session of the Senate, unless an appointment be sooner made and confirmed by the Senate.''

Thereafter, but prior to the next ensuing session of the Senate, the said Honorable Will H. Price resigned as such (additional) judge of said circuit, his resignation becoming effective June 1, 1926. Then my predecessor appointed Honorable W. L. Freeland as such (additional) judge of the Eleventh Judicial Circuit of Florida to fill the vacancy caused by the said resignation of Honorable Will H. Price.

The commission of Honorable W. L. Freeland was dated June 21, 1926, and read to hold office ''from the 21st day of June 1926 until the end of the next ensuing session of the Senate, unless an appointment be sooner made and confirmed by the Senate.''

During the session of the Legislature (Regular session) 1927, my predecessor in office appointed Honorable W. L. Freeland Judge of the Eleventh Judicial Circuit, which said appointment was confirmed by the Senate and the commission issued was dated May 23, 1927, and read to hold office ''for six years from the 23rd day of May, A. D. 1927.''

Pursuant to Section 13 of Article IV of the Constitution of Florida, I have, therefore, the honor to request the written opinion of the Justices of the Supreme Court on the following questions:

1. When does the term of office of the said Honorable W. L. Freeland expire?

2. Whether, if the term of office of the said Honorable W. L. Freeland expires after the termination of the period of the present regular session of the Legislature and before the expiration of the term of my office, I should, under the Constitution, appoint and present to the Senate for confirmation at this 1931 session of the Legislature the name of such appointee

Very respectfully,

DOYLE E. CARLTON.

## SUPREME COURT OF FLORIDA

TALLAHASSEE

JUNE 4, 1931.

Hon. Doyle E. Carlton,

Governor of Florida,

Tallahassee, Florida.

Sir:

Your communication of the 4th instant has been received.

After stating the facts with which you are confronted, you propound two questions, as follows:

"1 When does the term of office of the said Honorable W. L. Freeland expire?

2. Whether, if the term of office of the said Honorable W. L. Freeland expires after the termination of the period of the present regular session of the Legislature and before the expiration of the term of my office, I should, under the Constitution, appoint and present to the Senate for confirmation at this 1931 session of the Legislature the name of such appointee?"

Your first question is definitely answered by an Advisory Opinion of this Court rendered to Honorable John W. Martin, Governor of Florida, on May 10, 1927, concerning the identical term of office which you now have under consideration. See Advisory Opinion to the Governor, 93 Fla. 1024, 113 Sou. 115.

In the closing paragraphs of that Advisory Opinion the Court said:

"We are of the opinion, therefore, that the term of the office of additional Circuit Judge of the Eleventh Judicial Circuit began to run from the date of the appointment of the Hon. Wm. H. Price on December 12, 1925. The resignation of Judge Price created a vacancy in that office. The appointment of the Hon. W. L. Freeland on June 21, 1926, entitled him to hold the office until the end of the next ensuing session of the Senate unless an appointment was sooner made and confirmed and consented to by the Senate. Your subsequent appointment of the Hon. W. L. Freeland during the present session of the Senate and confirmation thereof by that body was only to fill the vacancy in the office for the unexpired term."

It is, therefore, the opinion of the Court that regardless of the phraseology of the commission issued to the Hon. W. L. Freeland on the 23rd day of May, 1927, to be additional Judge of the Eleventh Judicial Circuit pursuant to an appointment by the Governor and confirmation thereof by the Senate, the term of office under that commission will expire on the 12th day of December, 1931.

In reply to your second question, above quoted, we beg to say that under the Constitution and Statutes of Florida no mandatory duty rests upon the Governor to make an appointment and present the name of the appointee to the Senate for confirmation until such time as a vacancy exists

in the office which is to be filled by such appointment. There appears to be no inhibition against the Governor pursuing such course, however, if it is his desire to do so, provided, of course, it shall appear that the vacancy will occur during the term of office then being served by such Governor and prior to the time for the convening of the next regular session of the Legislature.

In the case of State, ex rel. Davis, Attorney General, vs. Collins, decided at this term of the Court, Mr. Justice Ellis, in a special concurring opinion, said:

"A name may be sent to the Senate in view of the expiration of the term in September, 1931, of a person to be judge of the Court for the term beginning then."

The majority of the members of this Court are in accord with that view.

Respectfully,

RIVERS BUFORD
J. B. WHITFIELD
W. H. ELLIS
GLENN TERRELL
ARMSTEAD BROWN
FRED H. DAVIS.