ADVISORY OPINION TO GOVERNOR.
2 So. (2nd) 378
Opinion Filed May 22, 1941

PER CURIAM.—

State of Florida
EXECUTIVE DEPARTMENT
Tallahassee
May 20, 1941

SPESSARD L. HOLLAND
  *Governor*

RALPH DAVIS
*Executive Secretary*

HONORABLE ARMSTEAD BROWN, Chief Justice,
HONORABLE J. B. WHITFIELD,
HONORABLE GLENN TERRELL,
HONORABLE R. H. BUFORD,
HONORABLE R. H. CHAPMAN,
HONORABLE ELWYN THOMAS,
HONORABLE ALTO ADAMS,
    Justices of the Supreme Court.

Gentlemen:

Under Section 13 of Article IV of the Constitution of Florida, I respectfully request your opinion on the questions set forth below:

Upon the adoption of Section 45 of Article V of the Constitution at the general election of 1934, and the enactment by the Legislature of 1935, of Chapter 17085 of the Laws of Florida, four circuit judges were appointed in and for the Eleventh Judicial Circuit of Florida. The allocation of this number of circuit judges was based upon the then population of the Eleventh Judicial Circuit as contemplated by Section 45C of Article V of the Constitution. Chapter 17774,

Acts of the Legislature of 1937, expressly provides that there should be one circuit judge for said circuit for each fifty thousand of its population.

The increased population of the Eleventh Judicial Circuit, as officially reflected by the 1940 Federal census, indicated that this circuit was entitled to two additional circuit judges. Accordingly, my predecessor, the Honorable Fred P. Cone, on November 30, 1940, appointed Honorable Richard H. Hunt, as Judge of the Eleventh Judicial Circuit and on December 9, 1940, he appointed the Honorable Stanley Milledge as Judge of such circuit, the term of each of said commissions being from the date thereof, "until the end of the next ensuing session of the Senate unless an appointment be sooner made and confirmed by the Senate."

Under the facts and circumstances stated, is it the constitutional duty of the Governor during the 1941 session of the Florida Legislature—

(a) To make and submit to the Senate appointments to the two aforesaid offices of additional judges in and for the Eleventh Judicial Circuit of Florida?

(b) If so, for what term or terms should such appointments be made?

(c) Is the present Governor bound by the appointments of the former Governor so that he is required to transmit and nominate to the Senate for its approval or rejection to the two aforesaid offices the names of Honorable Richard H. Hunt and Honorable Stanley Milledge, or may the present Governor appoint other properly qualified persons to such offices and transmit to the Senate for its approval or rejection the names of such other persons to serve in said offices?

Thanking you for giving me an advisory opinion on these questions, and with much respect, I am,

Cordially yours,
SPESSARD L. HOLLAND,
Governor.

SLH:ed

\* \* \* \*

IN THE SUPREME COURT OF FLORIDA
JANUARY TERM, A. D. 1941
Tallahassee, Florida, May 21, 1941

HONORABLE SPESSARD L. HOLLAND,
Governor of Florida
Tallahassee, Florida

Dear Sir:

An advisory opinion is expressed herein in response to the following request from you:

"State of Florida
EXECUTIVE DEPARTMENT
May 20, 1941

"HONORABLE ARMSTEAD BROWN, Chief Justice,
HONORABLE J. B. WHITFIELD,
HONORABLE GLENN TERRELL,
HONORABLE R. H. BUFORD,
HONORABLE R. H. CHAPMAN,
HONORABLE ELWYN THOMAS,
HONORABLE ALTO ADAMS,

Justices of the Supreme Court.

"Gentlemen:

"Under Section 13 of Article IV of the Constitution of Florida, I respectfully request your opinion on the questions set forth below:

"Upon the adoption of Section 45 of Article V of the Constitution at the general election of 1934, and the

enactment by the Legislature of 1935 of Chapter 17085 of the Laws of Florida, four circuit judges were appointed in and for the Eleventh Judicial Circuit of Florida. The allocation of this number of circuit judges was based upon the then population of the Eleventh Judicial Circuit as contemplated by Section 45C of Article V of the Constitution. Chapter 17774, Acts of the Legislature of 1937, expressly provides that there should be one circuit judge for said circuit for each fifty thousand of its population.

"The increased population of the Eleventh Judicial Circuit, as officially reflected by the 1940 Federal census, indicated that this circuit was entitled to two additional circuit judges. Accordingly, my predecessor, the Honorable Fred P. Cone, on November 30, 1940, appointed Honorable Richard H. Hunt, as Judge of the Eleventh Judicial Circuit and on December 9, 1940, he appointed the Honorable Stanley Milledge as Judge of such circuit, the term of each of said commissions being from the date thereof, 'until the end of the next ensuing session of the Senate unless an appointment be sooner made and confirmed by the Senate.'

"Under the facts and circumstances stated, is it the constitutional duty of the Governor during the 1941 session of the Florida Legislature—

" (a) To make and submit to the Senate appointments to the two aforesaid offices of additional judges in and for the Eleventh Judicial Circuit of Florida?

" (b) If so, for what term or terms should such appointments be made?

" (c) Is the present Governor bound by the appointments of the former Governor so that he is required to transmit and nominate to the Senate for its

approval or rejection to the two aforesaid offices the names of Honorable Richard H. Hunt and Honorable Stanley Milledge, or may the present Governor appoint other properly qualified persons to such offices and transmit to the Senate for its approval or rejection the names of such other persons to serve in said offices?

"Thanking you for giving me an advisory opinion on these questions, and with much respect, I am,

Cordially, yours,

SPESSARD L. HOLLAND,
Governor."

The appointments of two additional circuit judges for the Eleventh Judicial Circuit of Florida, predicated upon the increase of population in the circuit as shown by the 1940 Federal census, were properly made in 1940 by former Governor Fred P. Cone under Sections 43 and 45, Article V, of the Constitution and Chapters 17085, Acts of 1935, and 17774, Arts of 1937, and the commissions severally issued to such appointees were properly made to run until the end of the next ensuing session of the Senate *unless an appointment be sooner* made and confirmed and consented to by the Senate. See *in Re:* County Com'rs. of Duval County, 32 Fla. 138, 13 So. 705; Simonton v. State, 44 Fla. 289, 31 So. 821; State v. Bird and Viney, 120 Fla. 780, 163 So. 248; *In Re:* Executive Communication, 14 Fla. 277; Advisory Opinion to the Governor, 45 Fla. 154, 34 So. 571; Advisory Opinion to the Governor, 93 Fla. 1024, 113 So. 115.

Sections 461 (396) and 464 (399), Compiled General Laws, operating under Section 7, Article IV, of the Constitution, provide that "when any office created

or continued by the Constitution or laws shall not have been filled by election or appointment . . . it shall be the duty of the Governor to fill such office by appointment; . . . and in cases requiring the confirmation or the advice and consent of the Senate, the person so appointed may hold until the end of the next ensuing session of the Senate unless *an appointment* be sooner *made* and confirmed and consented to by the Senate."

When an *ad interim* appointment of a circuit judge is legally made by the governor to hold until the end of the next session of the Senate, it is the duty of the Governor to submit to the Senate at its next session *an appointment* of a circuit judge for confirmation to fill such office under Sections 43 and 45, Article V of the Constitution, for the term contemplated by the Constitution. The *ad interim* appointment and the subsequent appointment for confirmation by the Senate may be by succeeding Governors. In the latter case the incumbent Governor makes an appointment, and does not merely transmit to the Senate for confirmation the name of the judge who had been appointed *ad interim.*

The law requires separate and distinct *appointments* of circuit judges to be made by the Governor for confirmation by the Senate as well as for *ad interim* commissions. In each case the law required the incumbent Governor to exercise the executive power and judgment to appoint officers. It may be a reappointment of the incumbent circuit judges or the appointment of other eligible (Section 3, Article V) persons; but it must be an *appointment* duly made in the exercise of the incumbent Governor's power to appoint. See Advisory Opinion to the Governor, 93 Fla.

1024, 113 So. 115. The appointments of two additional circuit judges made by Governor Cone in 1940 have relation only to the *ad interim* part of a term and not to the remainder of the current term nor to a future term.

Section 45, Article V, of the Constitution and Chapter 17085, Acts of 1935, to which chapter is added Chapter 17774, Acts of 1937, contemplate that the full terms for all circuit judges, who are appointed by the Governor and confirmed by the Senate for full terms, shall be six years, the cycles to be reckoned beginning July 30, 1935; *ad interim* appointments when the Senate is not in session or until the next session of the Senate, and *ad interim* appointments and confirmations are for unexpired terms reckoned by cycles beginning July 30, 1935. See Section 33, Article V, Constitution; Section 6, Chapter 17085, Acts of 1935; Section 7, Article IV, Constitution; Sections 461 (396) and 464 (399), Compiled General Laws; State v. Bird and Viney, 120 Fla. 780, 163 So. 248.

As the full terms of all circuit judges should accord with the six-year cycles beginning July 30, 1935, under Chapter 17085, Acts of 1935, to which Chapter 17774 is an addition, and as the Senate is in regular session which ends June 6, 1941, it is now within your province to exercise your executive power and judgment in making appointments of your own choice to the offices and in submitting to the Senate two appointments for confirmation as additional circuit judges for the Eleventh Judicial Circuit, to be commissioned to hold until the end of the current cycle term, July 30, 1941; and also to make separate and distinct appointments for confirmation as such circuit judges for the six-

year term beginning July 30, 1941. See Advisory Opinion to the Governor, 137 Fla. 298, 188 So. 218.

Very respectfully,

ARMSTEAD BROWN
J. B. WHITFIELD
GLENN TERRELL
RIVERS BUFORD
ELWYN THOMAS
Justices