STATE OF FLORIDA, ex rel., FRED H. DAVIS, as Attorney-General of the State of Florida, *Relator*, vs. E. C. COLLINS, *Respondent*.

Opinion filed April 28, 1931.

*J. Walter Kehoe,* for Relator;

· *Linton M. Collins,* for Respondent.

WHITFIELD, J.—Upon the election or appointment of an officer, a commission is issued to him which is evidence of his right to hold the office; but if the term of the officer as stated in the commission is not in accord with the terms as fixed by the applicable law, the term of the officer is governed by the law, not the commission.

Under the constitution a Judge of the Criminal Court of Record "shall be appointed by the Governor and confirmed by the Senate" and "shall hold his office for four

years", section 24, Article V, and until his successor is "duly qualified", section 14, Article XVI. When the office of any Judge becomes vacant, the successor to fill the vacancy shall hold only for the unexpired term. Section 33, Article V.

The Criminal Court of Record for Dade County was established in 1907, and the appointment of the first Judge of the court was made in September, 1907. Such appointment under the law should have been to hold the office "until the end of the next ensuing session of the Senate unless an appointment be sooner made and confirmed and consented to by the Senate". Section 464, Compiled General Laws; section 7, Article IV, constitution; Simonton v. State, 44 Fla. 289, 31 So. 827. Upon confirmation by the Senate of an appointment to the office in 1909, the commission should have been issued for the unexpired term which began when the first appointment was made in September, 1907, to end in September, 1911. Thereafter the appointments should have been made with reference to the four year terms ending in September in the years 1915, 1919, 1923, 1927, 1931, etc. State ex rel Hodges v. Amos decided at this term.

Upon his appointment and confirmation in 1925, Tom Norfleet should have been commissioned for the unexpired term ending in September, 1927. Notwithstanding the wording of his commission that he should be Judge "for four years from the 13th day of June A.D. 1925", under the law his term expired in September 1927. After such time he held over under section 14, Article XVI, of the constitution, and the appointment and qualification of Uly O. Thompson, April 1, 1929, terminated the right of Tom Norfleet under the constitution to hold the office after the expiration of the term ending in September, 1927.

The suspension from office of Tom Norfleet by the Governor and the non-concurrence of the Senate in such suspension were in law immaterial matters, since Norfleet's term had expired in September 1927, and he was merely holding over under the constitution until his successor qualified. "The appointment and commission of Uly O. Thompson in June, 1929, without a confirmation by the Senate to hold "until the end of the next ensuing session of the Senate unless an appointment be sooner made and confirmed," was in accordance with law, State ex rel. Robert v. Murphy, 32 Fla. 138, 13 So. 705.

The appointment of the respondent, E. C. Collins, in January, 1930, as the successor of Uly O. Thompson, to hold until the end of the next ensuing session of the Senate was likewise in accordance with law.

Subsequent appointments and confirmations should have reference to the unexpired term ending in September 1931 and to the four year terms thereafter.

Demurrer sustained.

TERRELL AND BROWN, J.J., concur.

BUFORD, C.J., AND ELLIS, J., concur specially.

DAVIS, J., disqualified.

BUFORD, C.J. (concurring specially):

In this case I concur in part in what has been said by Mr. Justice Ellis and also in what is said by Mr. Justice Whitfield in a special concurring opinion.

In the last paragraph of the opinion by Mr. Justice Ellis, he says:

"If Thompson's appointment was confirmed by the Senate his term of office extended only to September, 1931. If it was not concurred in his second appointment dated June 25, 1929, was only for the unexpired term which ends September, 1931. His abandonment

of the office left it vacant so that the appointment of Collins was within the constitutional power and duty of the Governor. Collins under that appointment holds for the unexpired term ending September, 1931. A name may be sent to the Senate in view of the expiration of the term in September, 1931, of a person to be judge of the Court for the term beginning then.''

It is my view that if Thompson's appointment was confirmed by the Senate his office extended only to September, 1931, as is stated by Mr. Justice Ellis, but if his appointment was not concurred in by the Senate then that appointment dated June 25, 1929, which was issued by the Governor without confirmation by the Senate could have only extended to the end of the next session of the Senate. It would be the duty of the Governor under his oath of office and under the requirements of the Constitution to submit to the Senate for its approval at its regular session in 1931 an appointment of one to hold the office for the remainder of the unexpired term ending in September, 1931. The Governor has the power to withhold nominations from the consideration of the Senate but if he does so in cases in which the Constitution requires the submission of nominations to the Senate he violates the provisions of the Constitution and fails to perform his official duty.

In the case of State, ex rel. vs. Murphy, in re County Commissioners of Duval County, 32 Fla. 138, 13 Sou. 705, this Court, speaking through Mr. Chief Justice Raney, said:

"The question of power alone can be considered by this court. For willful breach of official duty, or abuse of the power committed to him, the Governor is, like other civil officers, liable to impeachment and must answer to the tribunal erected under the Constitution for the

trial of such cases. Even though the Governor should be guilty of a breach of duty in refusing to send any nomination at all to the Senate, during its session, it would be none the less within his power, and his duty after the adjournment, to fill the vacancy. In that case, the impeachable conduct would be his willful refusal to advise with the Senate, and not his act in filling the vacancy in the after recess.''

In the concurring opinion by Mr. Justice Whitfield, it is said:

"The appointment and commission of Uly O. Thompson in June, 1929, without a confirmation by the Senate to hold 'until the end of the next ensuing session of the Senate unless an appointment be sooner made and confirmed,' was in accordance with law,'' State ex rel. Roberts vs. Murphy, supra.

This language, it appears to me, in effect, holds that the Governor may disregard the Constitutional mandate and although a vacancy exist during the whole session of the legislature, may withhold from the Senate for approval the name of a proposed appointee to fill such vacancy and after the Senate shall have adjourned make an appointment to run until the end of the next ensuing session of the Senate and thereby act "in accordance with the law". I cannot concur in this conclusion. It is true that the Governor may exercise executive power and under such circumstances make an appointment which will effectually fill the vacancy during the period named, but it appears to me that it cannot be said that in exercising such power he does so in accordance with law, when the Constitution specifically requires that he shall do otherwise.

The information in the nature of Quo Warranto filed herein specifically alleges that although a vacancy in the office of Judge of the Criminal Court of Record of Dade

County existed during a part of the regular session of the Senate of 1929 and during all of the extra-ordinary session of 1929, ''the Governor of the State of Florida did not submit to the Senate, of the State of Florida the name of Tom Norfleet, nor any other person, to be Judge of the Criminal Court of Record of Dade County, Florida, for a period of four years and until a successor was appointed and qualified'', and further alleges, ''The Senate of the State of Florida during the regular session of 1929 did not have the opportunity of concurring in nor approving the appointment of any person to the office of Judge of the Criminal Court of Record of Dade County, Florida, and did not approve the appointment of any person to be Judge of said court as contemplated by the Constitution and the laws of Florida, for the reason that his Excellency, Honorable Doyle E. Carlton, refrained from and did not nominate or appoint any person to be Judge of the Criminal Court of Record of Dade County, State of Florida, to succeed the incumbent in said office''. The demurrer admits this allegation and, therefore, it appears to me to be required of this Court to say whether or not an appointment made under these conditions after the adjournment of the Senate ''was in accordance with law''. I think clearly, it was not. It appears, however, that the Relator, Norfleet, having lost all title to the office by the appointment of Thompson on the first day of April, 1929, after the expiration of the term to which Norfleet had been lawfully appointed in 1925, which term expired on the 12th day of September, 1927, although his commission was issued to run four years from the 13th day of June, 1925, shows by his petition no right or authority to hold over after June 13th 1929. Therefore, the demurrer to the information should be sustained.

ELLIS, J. (concurring):

An information in the nature of quo warranto was filed in this Court. The information was presented in behalf of the State by the Attorney General against E. C. Collins who, it is alleged, is discharging the duties of the office of Judge of the Criminal Court of Record for Dade County without authority of law.

The facts are set out in the petition to which a demurrer was filed. The demurrer admitting the facts alleged which are well pleaded the question is upon the sufficiency of the petition. If it is found to be sufficient as a basis for issuing the writ the demurrer should be overruled, otherwise the demurrer should be sustained.

Briefly stated, the facts are as follows. A Criminal Court of Record for Dade County was established in that County prior to June 13, 1925. The Court takes notice that it was established June 15, 1907. See Chapter 5764 Laws 1907. Mr. Tom Norfleet was appointed by the Governor to be Judge of that Court and the appointment was confirmed by the Senate in 1925 at the regular session and a commission was issued to him on June 13, 1925. Norfleet entered upon the discharge of the duties of the office and was suspended by executive order of the Governor on March 26, 1929. The Governor's action in suspending Norfleet was submitted to the Senate at the session of the Legislature which convened in April, 1929, and the Senate in executive session on May 29, 1929, refused to assent to the Governor's action in suspending Norfleet. During that session of the Legislature the Governor did not submit the name of any person to be Judge of that Court to the Senate for confirmation.

On June 1, 1929, the Legislature was convened in extraordinary session and continued in session until June 20,

1929, and it had not been in session at any time since up to the date when these proceedings were begun. That at no time during the extra session did the Governor submit to the Senate for confirmation or rejection the name of any person to be Judge of the Criminal Court of Record.

When Norfleet was suspended on March 26, 1929, the Governor appointed Uly O. Thompson to be Judge of the Court to hold from the 1st day of April, 1929, until the end of the next ensuing session of the Senate unless an appointment be sooner made and confirmed. A commission was issued to Thompson and dated April 1, 1929.

On June 25, 1929, which was after the adjournment of both the regular and extraordinary sessions of the Legislature the Governor caused to be issued to Uly O. Thompson a commission to be Judge of the court from June 25, 1929, until the end of the next ensuing session of the Senate unless an appointment be sooner made and confirmed. Thompson abandoned the office afterwards and on January 15, 1930, the Governor caused a commission to be issued to E. C. Collins, respondent, to be Judge of the Court from January 15, 1930, until the end of the next ensuing session of the Senate.

It is contended that the commission to Collins is void, that he has no title to the office, and is usurping its duties and powers and privileges and that under the provisions of the Constitution Norfleet has been since the confirmation of his appointment by the Senate in 1925 the judge of said court, having a valid title to the office.

Article XVI Sec. 14 of the Constitution provides that: "All State, County and Municipal officers shall continue in office after the expiration of their official terms until their successors are duly qualified." See State ex rel. Attorney General v. Johnson, 35 Fla. 2, 16 South. Rep.

786; Advisory Opinion to Governor, 65 Fla. 434, 62 South. Rep. 363, 50 L.R.A. (N. S.) 365.

An incumbent entitled to hold over until his successor is duly qualified is both a de jure and a de facto officer. See People ex rel. Williams v. Reid, 11 Colo, 138, 17 Pac. Rep. 302; Milford v. Powner, 126 Ind. 528, 26 N.E. Rep. 484; State v. Fabrick, 16 N.D. 94, 112 N.W. Rep. 74.

The refusal of the Senate to confirm the Governor's suspension of Norfleet which was made on March 26, 1929, left Norfleet with title to the office until the expiration of the term unless he was holding over under Sect. 14 Art. XVI Const. Art. V Sec. 24 Const.; Advisory Opinion to Governor, 93 Fla. 1024, 113 South. Rep. 115; Art. IV Sec. 15 Const.

As a judge of the Criminal Court of Record is not liable to impeachment but may be removed from office only by the act of the Governor by and with the consent of the Senate, Art. IV Sec. 15 Const., it follows that Norfleet continued as judge of the Criminal Court of Record and was required by the Constitution to resume the duties of his office when the Senate of 1929 refused to consent to his suspension, provided there was no appointment for the unexpired term in the meantime. Art. IV Sec. 15 Const.; Advisory Opinion to Governor, 69 Fla. 508, 68 South. Rep. 450; Advisory Opinion to Governor, 75 Fla. 674, 78 South. Rep. 673.

As the power of the Governor to suspend an officer exists only between the session of the Senate and while the Senate is in session the removal of the officer permanently may be accomplished only by the Governor recommending such removal to the Senate and its concurrence in such recommendation and as the Constitution requires no action by the Senate upon a simple suspension it follows that the

office held by Norfleet did not become vacant until the expiration of the term for which he was holding or until his successor was duly appointed and qualified. Art. XVI Sec. 14 Const.

The two public acts necessary to vest title to the office is appointment by the Governor and confirmation by the Senate. When the Senate confirms the appointment the title to the office dates from the date of appointment. The information does not state when the appointment was made but in any event it could not have been for more than four years and must have occurred before confirmation by the Senate the regular session of which adjourned June 5, 1925, and the extraordinary session June 6, 1925.

The Criminal Court of Record for Dade County was established in 1907. The act went into effect June 15, 1907. The first incumbent of the office was Honorable William I. Metcalf, who was appointed on the 12th of September, 1907. The terms of office of the Judges of that court therefore expired every four years thereafter. A term therefore expired in 1923, again in 1927. In June, 1925, therefore, when the Honorable Tom Norfleet was given a commission the term ending in 1927 and only two years to run. His appointment, therefore, which must have been made in 1925 before the Legislature confirmed, it could have been only for the unexpired term. See Art. IV. Sec. 7; Art. V. Sec. 33. It does not appear that the Governor submitted to the Senate of 1927 an appointment of any person to hold the office for the term beginning in September, 1927. Therefore Tom Norfleet continued in office until his successor was appointed and qualified. Art. XVI. Sec. 14.

The failure of the Senate therefore to sustain Norfleet's suspension in 1929 was of no significance as he was merely

continuing in office under the provisions of the Constitution and his successor could have been appointed at any time after the 1927 term had expired. The appointment of Uly O. Thompson on April 1, 1929, was an appointment of a successor but for the unexpired term ending September, 1931. This appointment required a confirmation by the Senate because no person had been appointed by the Governor for the term beginning September, 1927. The fact that the appointment was delayed can have no effect upon the constitutional provision requiring appointment by the Governor to the office and confirmation by the Senate. Art. V. Sec. 24 Const.

The information does not inform us whether Mr. Thompson's appointment April 1, 1929, was confirmed by the Senate. It only informs us that Norfleet's suspension was not assented to by the Senate. If Thompson's appointment was confirmed by the Senate his term of office extended only to September, 1931. If it was not concurred in his second appointment dated June 25, 1929, was only for the unexpired term which ends September, 1931. His abandonment of the office left it vacant so that the appointment of Collins was within the constitutional power and duty of the Governor. Collins under that appointment holds for the unexpired term ending September, 1931. A name may be sent to the Senate in view of the expiration of the term in September, 1931, of a person to be judge of the Court for the term beginning then.

Demurrer is sustained.