IN RE: ADVISORY OPINION TO GOVERNOR

188 So. 218.

Governor Fred P. Cone
Tallahassee, Florida

My Dear Governor:

We have your communication of April 19 as follows:

"May I respectfully request your opinion affecting my executive powers and duties in respect to the matter herein related?

"The first judge of the Criminal Court of Record in and for Escambia County, Florida, appointed under the provisons of Section 24 of Article V of the Constitution, and Chapter 3735, Laws of Florida, Acts of 1887, was commissioned August 17, 1887, and the first County Solicitor for said County appointed under the provisions of Section 27 of Article V of the Constitution, and Chapter 3735, Laws of Florida, Acts of 1887, was commissioned August 19, 1887. The last commission issued to the Judge of said Court was dated July 9, 1938, to run 'until next Senate,' and the last commission issued to the County Solicitor of Escambia County, Florida, was dated June 3, 1937, to run until June 20, 1941. If the terms of these respective offices run for four years beginning with the date of the first commission issued to the respective officers, irrespective of the commissions issued subsequent thereto, the office of the Judge of said Court will be vacant August 17, 1939, and the office of County Solicitor of Escambia County will be vacant August 19, 1939.

"The question on which I desire your opinion, therefore, is whether I should appoint a Judge of the Court of Record in and for Escambia County, Florida, to hold office 'for a term of four years beginning August 17, 1939, and a County

Solicitor for Escambia County to hold office for a term of four years beginning August 19, 1939.' "

You are advised that under Sections 24 and 27 Article V of the Constitution and Chapter 3735, Acts of 1887, the term of office of Judge of the Criminal Court of Record and County Solicitor for Escambia County is defined as four years. The terms of both offices accordingly run in four year cycles and begin with the first appointment. The law and not the commission determines the terms of the office. Advisory opinion to Governor, 93 Fla. 1024, 113 So. 115; State, *ex rel. Landis,* v. Bird, 120 Fla. 780. 163 So. 248; State, *ex rel.* Davis, v. Collins, 101 Fla. 371, 134 So. 595.

In this situation, the current term of the Judge of the Criminal Court of Record will expire August 17, 1939, and the current term of the County Solicitor will expire August 19, 1939. Since the last appointment of Judge of the Criminal Court was made July 9, 1938, to run to the "next Senate," the Senate being now in session, a new appointment may be made for the remainder of the unexpired term and for the full four year term beginning August 17, 1939.

The last appointment of County Solicitor having been made June 3, 1937, to run until June 20, 1941, was good only until the next session of the Senate, which is the present session. Since the Senate is now in session, a new appointment may be made for the remainder of the unexpired term closing August 19, 1939, and for the full four year term beginning on that date.

Respectfully submitted,

GLENN TERRELL    RIVERS BUFORD
J. B. WHITFIELD    ROY H. CHAPMAN
ARMSTEAD BROWN    ELWYN THOMAS