## ADVISORY OPINION TO GOVERNOR

12 So. (2nd) 876                                    January Term, 1943
April 3, 1943                                              En Banc

PER CURIAM:

Supreme Court of Florida

Rivers Buford, Chief Justice

| Division A | Tallahassee | Division B |
|---|---|---|
| Justices | March 31, 1943 | Justices |
| Glenn Terrell | | Armstead Brown |
| Roy H. Chapman | | Elwyn Thomas |
| Alto Adams | | Harold L. Sebring |
| Guyte P. McCord, | | R. S. Williams, |
| Clerk | | Marshal |

Honorable Spessard L. Holland
Governor of Florida
Tallahassee, Florida

Dear Sir:

We have your letter of March 29, 1943, reading as follows:
"To the Honorable, The Chief Justice, and
  Justices of the Supreme Court of
  The State of Florida

Gentlemen:

"Committee Substitute for Senate Joint Resolution 334, Acts of 1941, was adopted by the people at the general election of 1942 as Section 46 of Article V of the Constitution. It reads as follows:

" 'Section 46. Circuit Judges shall hereafter be elected by the qualified electors of their respective judicial circuits as other State and County officials are elected.

" 'The first election of Circuit Judges shall be held at the General Election in 1948 to take office on the first Tuesday after the first Monday in January, 1949, for a term of six years.

" 'The terms of all such offices as they shall severally exist at the time of adoption of this Amendment shall be and they are hereby extended to terminate on the first Tuesday after the first Monday in January, 1949.'

"The elevation to the Supreme Court of this State, on the first Tuesday after the first Monday in January, 1943, of the Honorable H. L. Sebring, a Circuit Judge of the Eighth Judicial Circuit, holding office for a term current at the time of the adoption of the above quoted provision, created a vacancy in said Circuit Judgeship which I filled by the appointment of the Honorable John A. H. Murphree.

"Under Section 13 of Article IV of the Constitution of this State, I have the honor to request your written opinion as to whether or not, under the above quoted provision of the Constitution, the commission issued the said appointee should read until the end of the next ensuing session of the Senate unless an appointment should be sooner made and confirmed by the Senate, the language heretofore used in ad interim appointments requiring confirmation of the Senate, thus making it incumbent upon me to submit an appointment to the Senate at its next ensuing session, or whether the appointment should be made and a commission issued to the appointee for the remainer of the term as extended by the constitutional provision, supra, and without submission to the Senate for confirmation, or until a successor is elected at the general election in 1948 and qualifies.

Very respectfully,

Spessard L. Holland"

In response to the above request for an advisory opinion, we might first observe that under Section 1 of Article XVII of the Constitution of Florida, the amendment which you quote became a part of the Constitution upon its adoption by the people at the general election in 1942, as Section 46 of Article V, and must be construed in pari materia with other sections of the Constitution which have a bearing upon the same subject matter. However, an amendment to the Constitution, duly adopted, is the last expression of the will and intent of the law making power and prior provisions inconsistent with or repugnant to the amendment are modified or superseded to the extent of the inconsistency or repugnancy. Board of Public Instruction of Polk County v. Board of County Commissioners, 58 Fla. 391, 50 So. 574.

Prior to the adoption in November, 1942, of this amendment, the offices of circuit judges were appointive offices. Thus Section 8 of Article V of the Constitution provided that the circuit judges should be appointed by the Governor and confirmed by the Senate and fixed their terms at six years; and Section 43 of Article V, being an amendment adopted in 1922, providing for the appointment of additional circuit judges, contained the same provision.

Section 7 of Article IV of the Constitution provides that "When any office, from any cause, shall become vacant, and no mode is provided by this Constitution or by the laws of the State for filling such vacancy, the Governor shall have the power to fill such vacancy by granting a commission for the unexpired term."

Section 461, C.G.L., now Section 114.01 Florida Statutes 1941, defines vacancies in office, and Section 464 C.G.L., now Section 114.04 Florida Statutes 1941, provides that:

"In all such cases, and in all other cases in which a vacancy may occur, if the office be a State, district or county office (other than a member or officer of the Legislature), it shall be the duty of the Governor to fill such office by appointment, and the person so appointed shall be entitled to take and hold such office until the same shall be filled by an election as provided by law, and in cases requiring the confirmation or the advice and consent of the Senate, the person

so appointed may hold until the end of the next ensuing session of the Senate unless an appointment be sooner made and confirmed and consented to by the Senate."

Prior to the adoption of the amendment of 1942, now under consideration, it was the custom, and the statutory requirement, that, as to appointments to offices requiring the confirmation of the Senate, the Governor's ad interim appointment entitled the appointee to hold until the end of the next ensuing session of the Senate, "unless an appointment be sooner made and confirmed and consented to by the Senate." But this statutory requirement did not apply and does not now apply to appointments to elective offices. Under this statute and under Section 7 of Article IV of the Constitution, persons appointed by the Governor to fill vacancies occurring in elective offices were entitled to take and hold such offices until the same should be filled by election as provided by law.

Prior to the adoption of this constitutional amendment in 1942, we advised your Excellency, in response to an appropriate request, that where an *ad interim* appointment of a circuit judge is made by the Governor to hold until the end of the next ensuing session of the Senate, the Governor should also submit to the Senate at such next session an appointment to such office for confirmation by the Senate to fill the same under Section 43 and 45, Article V of the Constitution for the term contemplated by the Constitution, and that the *ad interim* appointment and the subsequent appointment for confirmation by the Senate were separate and distinct appointments; and therefore the subsequent appointee need not be the same individual as the *ad interim* appointee. See Advisory Opinion to the Governor, 147 Fla. 157, 2 So. (2nd) 378. See also in this connection Advisory Opinion, 137 Fla. 298, 188 So. 218. Of course these opinions were based on the Constitution and the statutes as then existing.

At the time the contitutional amendment of 1942 (Section 46 of Article V) was adopted at the general election of 1942, Honorable H. L. Sebring held the office of Circuit Judge of the Eighth Judicial Circuit for a term then current, which

had several years yet to run, and while this constitutional amendment was in full force and effect Judge Sebring, now Justice SEBRING, was elected as a member of this Supreme Court for a term beginning January 4th of this year, 1943, thus creating a vacancy in said circuit judgeship, which vacancy you filled by the appointment of Honorable A. H. Murphree. Thus at the time the vacancy occurred, and at the time appointment was made, the term of such office had been extended by this constitutional amendment to the first Tuesday after the first Monday in January 1949. The language of the amendment is that "The terms of all such offices as they shall severally exist at the time of adoption of this Amendment shall be and they are hereby extended to terminate on the first Tuesday after the first Monday in January 1949."

The question then arises, was this office to which you appointed Judge Murphree an elective office at the time of such appointment? Manifestly it was not an elective office at the time Honorable H. L. Sebring was appointed as circuit judge, but was an appointive office and continued to be an appointive office, at least until the adoption of this constitutional amendment of 1942. What was the effect of this constitutional amendment upon the character of the offices dealt with? The language of the amendment is that: "Circuit Judges shall hereafter be elected by the qualified electors of their respective judicial circuits as other State and County officials are elected." And "The first election of Circuit Judges shall be held at the General Election in 1948 to take office on the first Tuesday after the first Monday in January, 1949, for a term of six years." Then follows the provision extending existing terms of all such offices until January 1949.

The terms thus extended were, when so extended, appointive terms, the appointments to which were required to be confirmed by the Senate. There remains no constitutional authority for filling any vacancies that may occur in such terms from the time when the amendment was adopted until the first election to be held thereunder in 1948, except by appointment of the Governor and confirmation by the Senate.

The appointive terms thus projected into the future were terms which began before and were in existence when the constitutional amendment was adopted, and when these terms began, and when they were thus extended, the method of filling all such offices was by appointment of the Governor subject to confirmation by the Senate. The word "hereafter," in the first sentence of said Section 46 of Article V must be considered in connection with the next sentence, and so construed it might well be held to 'mean that Circuit Judges shall *hereafter* be elected by the qualified electors of their respective judicial circuits, commencing with the General Election in 1949. In other words, under this amendment these offices do not actually become fully and completely elective offices until 1948. The terms of these offices are extended by the amendment, but the method of selection of the incumbents is not changed until the general election of 1948. We therefore cannot reach the conclusion that the ratification of Section 46, 'Article V automatically and immediately made the offices of the circuit judges elective offices.

We see nothing in Section 33 of Article V to change our conclusion. That Section merely provides that: "When the office of any Judge shall become vacant from any cause the successor to fill such vacancy shall be appointed or elected only for the unexpired term of the Judge whose death, resignation, retirement or other cause created such vacancy." Under this constitutional amendment vacancies occurring between now and 1948 could not be filled by any election, as the amendment expressly provides that the first election of circuit judges shall be in 1948. And of course the unexpired term to which Judge Murphree was appointed does not, under this amendment, expire until the first Tuesday after the first Monday in January, 1949.

Nor do Sections 6 and 7 of Article XVIII of the Constitution affect the question before us. Those Sections provide that the terms of office of appointees to vacancies in elective offices shall extend only to the election and qualification of successors at the ensuing general election, such election to be for the unexpired term. Prior to the adoption of the constitutional amendment now before us, circuit judges could

not be elected at all and under this amendment no election of circuit judges can be held until 1948.

We therefore advise that the commission issued to your said appointee under your *ad interim* appointment to fill the vacancy in the circuit judgeship referred to in your letter, should read "until the end of the next ensuing session of the Senate unless an appointment should be sooner made and confirmed by the Senate." And you may also during such ensuing session submit a "subsequent appointment" for confirmation by the Senate for the full term of such office as extended by said amendment.

Respectfully yours,

.RIVERS BUFORD      R. H. CHAPMAN
Chief Justice      ELWYN THOMAS
GLENN TERRELL      HAROLD L. SEBRING
ARMSTEAD BROWN      Justices.