ROBERTS, Chief Justice.
In quo warranto proceedings instituted in this court by John C. Wynn, as relator, against Silver S. Squarcia, as respondent, we are required to determine which of these parties is entitled to the office of Judge of the Civil Court of Record of Dade County, Florida. The office was created by Chapter 27003, Laws of Florida, Acts-of 1951, which Act amended Section 33.14, Florida Statutes, F.S.A., by increasing to three the number of judges of such court in all counties having a population of 260,000' or more.
Section 33.03, Florida Statutes, F.S.A., provides that the judges of such courts “shall be appointed by the .governor and confirmed by the senate, and * * * shall hold office for four years.” After the adjournment of the Senate in 1951, the then Governor appointed the respondent to the office in question, the terms of his commission reading as follows: “ * * * to be Judge of the Civil Court of Record in' and for Dade County from the eleventh day of July, A. D. 1951, until the end of the next ensuing session of the Senate unless an appointment be sooner made and confirmed by the Senate.” The respondent assumed the duties of the office and performed the same until interrupted by the following events:
During the 1953 session of the Legislature, immediately past, the present Governor appointed the relator to the office for the remainder of a four-year term computed from the date of the respondent’s appointment to the office. The appointment was submitted to the Senate and was confirmed by that body. A commission' was duly issued to the relator, his commission being to act as Judge of such court “from the twenty-first day of May, A. D. 1953 until the eleventh -day of July, A. D. 1955.”
Both the relator and the respondent are now claiming title to the office.
At the outset, it should be noted that the relator was duly appointed by the Governor and his appointment was confirmed by the Senate, so that he is entitled to hold the office if the commission1 of the respondent was properly limited “until the end of the next ensuing session of the Senate unless an appointment be sooner made and confirmed by the Senate.” It should also be noted that, if such appointment was properly so limited, the present Governor is not required by law to appoint to the office the person previously appointed by the then Governor to the office for the ad interim period. Advisory Opinion to Governor, 147 Fla. 157, 2 So.2d 378. On the respondent’s side, it may also be stated that he is not bound by the term stated in the *265 commission if, in fact, he is entitled to a longer term, since the law and not the commission determines the term of the office. In re Advisory Opinion to the Governor, 137 Fla. 298, 188 So. 218, 219.
The respondent contends here that the then Governor had no authority to limit his commission in the manner stated; that, under the law, he had a right to and should have been appointed for a full term of four years, subject only to confirmation of the appointment by the Senate; that the Senate neither affirmed nor rejected his appointment, since it was not given an opportunity to do so by the present Governor; that he has a lawful right to continue in the office for a fixed term, in the absence of a rejection of his appointment by the Senate; that, under the circumstances, no vacancy existed in the office at the time the present Governor appointed the relator-to the post, so that such appointment and the subsequent confirmation thereof by the Senate is void and of no effect. These contentions cannot be sustained.
The Governor was not acting under the original power of appointment granted to him and the Senate by Section 33.03, supra, when he appointed the respondent to the office to which he now claims title. The original power vested in the Governor and the Senate by Section 33.03 may be exercised only when the Senate is in session; and when the Senate is not in session, the Governor may act, alone, to fill a vacancy in such an office only by virtue of the provisions of Section 7 of Article IV of the Constitution, F.S.A., as limited and defined by Section 114.04, Florida Statutes, F.S.A. Simonton v. State ex rel. Turman, 44 Fla. 289, 31 So. 821.
 Section 7 of Article IV provides that “When any office, from any cause, shall become vacant, and no mode is provided by this Constitution' or by the laws of the State for filling such vacancy, the Governor shall have the power to fill such vacancy by granting a commission for the unexpired term.” The respondent was appointed to fill the “vacancy” in office defined and described by Subsection (6) of Section 114.01 in the following terms: “When any office created * * * by the constitution or laws shall not have been filled by election or appointment under the constitution or law creating * * * such office.” However, the provisions of Section 7 of Article IV that a commission to fill a vacancy shall be “for the unexpired term” may not be applied in the instant case, since Section 114.04, Florida Statutes, specifically provides a “mode * * * for filling such vacancy”, to wit; " * * * in cases requiring the confirmation or the advice and consent of the senate, the person so appointed may hold until the end of the next ensuing session of the senate unless an appointment be sooner made and confirmed and consented to by the senate.”
Since then, the Governor was not exercising his original power of appointment under Section 33.03, but was proceeding under the powers granted by Article IV, Section 7, as limited by Section 114.04, supra, he was authorized to appoint only in the manner specified therein, to wit: his appointment was required to be limited “until the end of the next ensuing session of the senate unless an appointment be sooner made and confirmed and consented to by the senate.”
As illustrative of the application of the rule as to the exercise of the Governor’s power to fill vacancies in offices requiring the confirmation of the Senate, at a time when the Senate is not in session, see the following cases: Simonton v. State ex rel. Turman, 44 Fla. 289, 31 So. 821 (as to county solicitors); In re Advisory Opinion to Governor, 45 Fla. 154, 34 So. 571 (as to circuit judges and judges of criminal courts of record); In re Advisory Opinion to Governor, 137 Fla. 298, 188 So. 218, 219 (as to county solicitors); In re Advisory Opinion to Governor, 147 Fla. 148, 2 So.2d 372 (as to assistant state attorneys); Advisory Opinion to Governor, 147 Fla. 157, 2 So.2d 378 (as. to newly created offices of circuit judges in Dade County.)
For the reasons stated, it must be held that the commission of the respondent was properly limited, as provided by Section 114.04, supra; that upon the' appointment by the Governor and confirmation of the relator as Judge’of the Civil Court of Rec *266 ord of Dade County, the respondent’s ad interim appointment terminated and expired ; and that the relator is entitled to the title and emoluments of the office and to exercise the duties thereof.
It is so ordered.
THOMAS, SEBRING, MATHEWS, HOBSON and DREW, JJ., concur.
TERRELL, J., not participating.