PER CURIAM.
SUPREME COURT OF FLORIDA
Tallahassee
February 2, 1965
Honorable Haydon Burns Governor of Florida
The Capitol
Tallahassee, Florida
Dear Governor:—
We have the honor to acknowledge your communication of January 18, 1965, requesting our advice pursuant to Article IV, Section 13, Florida Constitution, F.S.A., regarding certain executive powers and duties under the Constitution.
Omitting the formal parts, your letter reads as follows:
“It is my duty under Section 6 of Article 4 of the Constitution of the State to take care that the laws of the State are faithfully executed, and I am authorized under Section 13 of Article 4 to request the written opinion of the Justices of the Supreme Court as to the interpretation of any portion of the State Constitution upon any question affecting my executive powers and duties.
*540 “Section 27 of Article 3 of the Constitution of the State is as follows:
“ 'The Legislature shall provide for the election by the people or appointment by the Governor of all State and county officers not otherwise provided for by this Constitution, and fix by law their duties and compensation.’
“At the regular session of the State Legislature in 1963, there was passed Chapter 63-204, which is Chapter 240, Florida Statutes [F.S.A.], Section 2 of the Act provides, inter alia, as follows:
“'240.01 Board of trustees; appointment of members; qualifications and terms of office of members, etc. The board of trustees shall consist of nine (9) citizens of this state selected from the state at large, representative of the geographical area of the state, who shall have been residents and citizens thereof for a period of at least ten (10) years prior to their appointment, and who shall be appointed by the governor, concurred in by the state board of education, confirmed by the senate, and their terms of office shall be nine (9), years and until their successors are appointed and qualified, except, in case of an appointment to fill a vacancy, in which case the appointment shall be for the unexpired term and except as in this section otherwise provided; provided, however, that no member shall be selected from any county to serve with any other member from the same county. The governor shall fill all vacancies, subject to the above approval and confirmation * * * ’
“Said Act further provided:
“ ‘Members may be removed for cause at any time upon the concurrence of a majority of the members of the state board of education.’
“Section 2 of said Act also provides for the attorney General to change the words ‘board of trustees’ and ‘board of trustees for higher education’ wherever they appear in said Act to read ‘board of regents’. Broad powers are granted to the board of trustees or board of regents involving state funds and higher education in the university systems.
“This Act became effective January 1,. 1965, and the then Governor of the State of Florida, the Honorable Farris Bryant, thereafter and while he was still governor took action under said Act,, and did appoint nine members to the board of regents whose names are as follows:
“John C. Pace Payne H. Midyette-
Gert H. W. Schmidt Robert M. Morgan
Fletcher G. Rush Marshall M. Criser
Dr. Wayne C. McCall Sam T. Dell
Baya M. Harrison, Jr.
“Said Act purported to repeal the old Chapter 240 of Florida Statutes pertaining to the Board of Control, but further provided in ‘240.211, Florida Statutes [F.S.A.], that all laws applicable to the board of control at the time this Act becomes effective, except those in conflict herewith shall apply to the board of regents’.
“A member of the Board of Regents has now offered his resignation, and if accepted a vacancy would be created by virtue of such resignation.
“In view of the provisions of the Constitution, laws and facts which I have heretofore related and of my grave doubt as to my powers and duties as governor, in this matter, I therefore have the honor to request your written opinion on the following questions :
“1. Are the members of the board of trustees, or the board of regents, appointed pursuant to Chapter 63-204,, Laws of Florida, being Section 240.011, Florida Statutes [F.S.A.], officers as *541 contemplated by Section 27 of Article 3 of the Constitution of the State of Florida?
“2. In the event of a vacancy at a time when the state Senate is not in session for what term should such interim appointment be made?
“3. If your answer is that the appointment mentioned in question two shall only be made until the end of the next session of the state Senate, do I have the executive power to void or ignore any outstanding appointments which attempt erroneously to extend terms of present incumbents beyond the last day of the next meeting of the state Senate, and would I have the executive power to initiate new appointments, designating a term in confirmity with law? ”
The questions propounded relate to your executive powers and duties and will be answered below in the order in which they are presented.
The 1963 session of the Legislature enacted into law Chapter 63-204, further identified as new Chapter 240, Florida Statutes, F.S.A., and being:—
“AN ACT relating to higher education; repealing Chapter 240, Florida Statutes; creáting a new board designated the board of regents; providing membership and terms of office of said board; providing duties and responsibilities of said board; providing an effective date.”
Chapter 63-204, Laws of Florida, provided that the Act should become effective on January 1st on the years subsequent to the ratification by the people of the proposed constitutional amendment permitting nine year terms for the members of the Board. Such amendment was ratified by the people of Florida in November, 1964, and the Act therefore became effective on January 1, 1965. You will note that the Board of Regents, created in the new law, supplanted and took over the duties of the Board of Control which, since 1905, had performed functions comparable to, but less than, those prescribed for the Board of Regents. Section 240.011 provided for the appointment of members, their qualifications, and terms of office, such initial terms to be in nine consecutive annual cycles, the first for one year, and increasing progressively one year per cycle until the ninth cycle will be for a full term of nine years; thereafter, at the expiration of each cycle the Regent will be appointed for a full term of nine years, thereby providing ultimately a Board of Regents in which only one replacement will normally be made per year, and thereby providing continuity in the management in the field of higher education. The section also provided that such terms should be made by the Governor, concurred in by the State Board of Education, and confirmed by the Senate. For clarification we mention that Chapter 63-204 referred to this new board as a Board of Trustees but then, by amendment in the same Act, changed the name from “Trustees” to “Regents”, and authorized the Statutory Revision Department of the Attorney General’s office to make such change in name in the Florida Statutes.
No. 1. You are advised the members of the Board of Regents, appointed pursuant to Chapter 63-204, Laws of Florida, being Section 63.240.011, Florida Statutes, F.S.A., are officers as contemplated by Section 27 of Article III of the Constitution of Florida. This is not a new question. The Board of Control was created by the Legislature in 1905 to become effective on July 1st of that year. The question arose almost immediately, and In Re Advisory Opinion to Governor (Broward) on July 28, 1905, 49 Fla. 269, 39 So. 63, the Justices of this court said
“To the first of these questions our answer is that, from the duties mentioned in your communication as devolving upon such board of control, viz., locating and continuously and permanently controlling and managing state institutions of learning, subject to *542 the supervision of the state hoard of education, and whose terms of office are definitely fixed, with provision for removal and appointment to fill vacancies on such board, the members of such board of control will, under our Constitution, when appointed, be civil officers of the state. State ex rel. Clyatt v. Hocker, 39 Fla. 477, 22 South. 721, and cases cited therein. And see the copious annotations to the same case in 63 Am.St.Rep. 174.
“The duties to be performed by such board are important and essentially governmental in character. The office is continuous and permanent, and remains to be filled, though the incumbents may die or resign. The fact that there is no salary or emolument affixed to such office does not make it any the less a civil office, since salary or emolument, like an oath of office, is an incident to office merely, and not a necessary element in the determination of its character.”
It is noteworthy that the foregoing advisory cited the bedrock case of State ex rel. Clyatt v. Hocker, 39 Fla. 477, 22 So. 721 that discusses the distinction between officers and employees, and which has been brought down to date in a line of decisions, one of "the most recent being in Advisory Opinion to Governor (McCarty) (1953), Fla., 63 So. 2d 321, in which the Justices reiterated this significant language:
“ 'The term “office” implies a delegation of a portion of the sovereign power to, and possession of it by, the person filling the office; a public office being an agency for the state, and the person whose duty it is to perform the agency being a public officer. The term embraces the idea of tenure, duration, * * * and duties, and has respect to a * * * public trust to be exercised in behalf of government, and not "to a merely transient, occasional, or in cidental employment. * * ”
For further information reference is had to a discussion in the University of Florida Law Review, Spring issue 1956, by Professor H. O. Waldby, who traced the history of the distinction in Florida law between “officers” and “employees”.
 2. In the event of a vacancy a’t a time when the state Senate is not in session, it is your executive power and duty to fill the vacancy by appointment, and for an ad interim term only, expiring not later than the last day of the next ensuing session of the state Senate. In Advisory Opinion to Governor (Martin) reported in 93 Fla. 1024, 113 So. 115, the Justices said:
“In an advisory opinion to the Governor, printed in 45 Fla. at page 154, and reported also in 34 So. at page 571, the Justices of this court expressed the view that, when a vacancy occurs in the office of a circuit judge during the recess of the Senate, the Governor properly fills such vacancy by appointment to hold no longer than the end of the next ensuing session of the Senate, and when such next ensuing session of the Senate convenes it is the duty of the Governor to submit appointees to fill such vacancies to the Senate for confirmation for the unexpired term.” (Italics supplied.)
In the exercise of freedom of choice the Governor is not required to send to the Senate the name of the ad interim incumbent but may, if he deems it in the best interest of the public welfare, send the name of a new appointee for the unexpired portion of each of the cycles. In Advisory Opinion to Governor (Holland) reported in 147 Fla. 157, 2 So.2d 378, the Justices of this court said:
“When an ad interim appointment of a Circuit Judge is legally made by the Governor to hold until the end of the next session of the Senate, it is the duty of the Governor to submit to the Senate at its next session an appointment of a Circuit Judge for confirmation to fill such office under Sections 43 and 45, *543 Article V of the Constitution, for the term contemplated by the Constitution. The ad interim appointment and the subsequent appointment for confirmation by the Senate may be by succeeding Governors. In the latter case the incumbent Governor makes an appointment, and does not merely transmit to the Senate for confirmation the name of the Jiidge who had been appointed ad interim.” (Italics supplied.)
This opinion was cited with approval in State ex rel. Wynn v. Squarcia, 66 So.2d 263, 264, which was an adversary proceeding, in which this court said,
“It should also be noted that, if such appointment was properly so limited (Senate confirmation provided for), the present Governor is not required by law to appoint to the office the person previously appointed by the then Governor to the office for the ad interim period.”
. Also in this case this court said:
“On the respondent’s side, it may also be stated that he is not bound by the term stated in the commission if, in fact, he is entitled to a longer term, since the law and not the commission determines the term of the office.” (Emphasis added.)
Again in Advisory Opinion to Governor, 137 Fla. 298, 188 So. 218, the Justices said:
“The law and not the commission determines the terms of the office.”
Also in the same Advisory:
“The last appointment of County Solicitor having been made June 3, 1937, to run until June 20, 1941, was good only until the next session of the Senate, which is the present session.” (Emphasis added.)
In State ex rel. Davis v. Collins, 101 Fla. 371, 134 So. 595, this court, in an adversary proceeding, said:
“Upon the election or appointment of an officer, a commission is issued to him which is evidence of his right to hold the office; but, if the term of the officer as stated in the commission is not in accord with the term as fixed by the applicable law, the term of the officer is governed by the law, not the commission. (Italics supplied.)
* * * * * *
“The criminal court of record for Dade county was established in 1907, and the appointment of the first judge of the court was made in September,. 1907. Such appointment under the law should have been to hold the office 'until the end of the next ensuing session of the Senate unless an appointment be sooner made and confirmed and consented to by the senate.’ Section 464, Compiled General Laws 1927; section 7, article 4, Constitution; Simonton v. State, 44 Fla. 289, 31 So. 821.” (Italics supplied.) See also 2 So.2d 378.
In further support of the proposition that it is the law rather than the written word of the commission which controls, the Justices of this court in Advisory Opinion to-Governor (Carlton) reported in, 101 Fla. 1510, 136 So. 623, said:
“It is, therefore, the opinion of the court that, regardless of the phraseology of the commission issued to the Honorable W. L. Freeland on the 23d day of May, 1927, to be additional judge of the Eleventh judicial circuit pursuant to an appointment by the Governor and confirmation thereof by the Senate, the term of office under that commission will expire on the 12th day of December, 1931.” (Italics supplied.)
It therefore follows in a long line of precedents that under the circumstances here-present, the appointment made when the Senate is not in session, can not transmit the power of the office beyond the last day of the next ensuing session of the state Senate, and any language contained in the commission that purports to do so is null, void and ineffectual.
*544 3. Your predecessor in office, under the precedents aforementioned, had the power and duty to make ad interim appointments to the Board of Regents covering the period from January 1, 1965 until the last day of the next ensuing session of the state Senate, or until new appointments shall be made and confirmed, whichever term may be the shorter, at which time his appointments terminate regardless of the language of any commission which may have been erroneously issued to them and puporting to extend their tenure longer than the law permits. You are advised that you therefore have the power to submit to the next ensuing session of the state Senate appointments for the vacancies occurring by virtue of the termination of the ad interim appointments made by your immediate predecessor, and which ad interim appointments expire on the last day of the next ensuing session of the state Senate, or earlier if new appointments shall sooner be made and confirmed.
Our discussion concerning Chapter 63-204, Laws of Florida, the Act here involved, is limited to the questions presented by you and our reply is anchored in each instance to former decisions or advisory opinions of this court.. See Lee v. Dowda, 155 Fla. 68, 19 So.2d 570.
In summary, we have advised you that the members of the Board of Regents are “officers”; that you have the power to fill a vacancy by appointment in accordance with law, and if such appointment is made when the Senate is not in session, the maximum term that it can be made for is to the last day of the next ensuing session of the state Senate, or until a successor shall be appointed by you and confirmed by the next ensuing session of the state Senate, whichever condition occurs first; that the appointments by your predecessor of the present members of the Board of Regents were validly made for the period beginning January 1, 1965, but expire on the last day of the next ensuing session of the state Senate, or when a successor shall be appointed and confirmed by the next ensuing session of the Senate, whichever condition occurs first, and any language in a commission purporting to extend an appointment beyond such date is ineffectual and void; that you have the power to make appointments under Chapter 63-204, Laws of Florida, for the unexpired portion of each of the cycles; and that in doing so will not be required to submit for confirmation the names of the incumbents holding office under the ad interim appointments.
Respectfully,
E. HARRIS DREW Chief Justice
ELWYN THOMAS
B. K. ROBERTS
CAMPBELL THORNAL
STEPHEN C. O’CONNELL
MILLARD F. CALDWELL
RICHARD W. ERVIN Justices