In re Advisory Opinion to the Governor.

IN RE ADVISORY OPINION TO THE GOVERNOR.

CONSTITUTIONAL LAW—APPOINTMENTS BY GOVERNOR TO FILL VACANCIES.

Under the provisions of Section 7, Article IV of the Constitution, in conjunction with Section 217 Revised Statutes, where a vacancy occurs in the office of Circuit Judge or in that of Judge of a Criminal Court of Record during a recess of the Senate, the Governor properly fills such vacancy by apointment to hold not longer than the end of the next ensuing session of the Senate, and when such next ensuing session of the Senate convenes it is the duty of the Governor to submit apointees to fill such vacancies to the Senate for confirmation for the unexpired term.

In re Advisory Opinion to the Governor

To His Excellency,
    William S. Jennings,
        Governor of Florida.
Sir :—

Your communication of May 2nd, addressed to the court, has been received, as follows : '

"I have the honor to request the opinion of the Justices of the Supreme Court as to the interpretation of Section 7 of Article IV of the Constitution of Florida, upon a question affecting my executive powers and duties, and to ask that I be advised if appointments to fill unexpired terms of Judges of the Circuit Court and of the Criminal Court of Record should be sent to the Senate for confirmation, or if the executive alone has the power to fill such vacancies by granting commissions for the unexpired terms."

In reply we beg leave to say that the question presented has already been practically settled by this court in the case of Simonton v. State ex rel. Turman, 44 Fla. 289, 31 South. Rep. 821, in the following language: "Where a vacancy happens during a session of the senate, * * * * * * * the vacancy for the unexpired term is properly filled by the governor and senate, under the original power, and not by the governor alone, under section 7, for the reason that a mode is otherwise provided by the constitution for filling the vacancy for the unexpired term, to-wit: the original power granted by section 27, Art. V.  If the vacancy happens when the senate is not in session, and there is no statute providing for a locum tenens until the senate meets again, the governor appoints for the unexpired term, under section 7, Art. IV, because no other mode is provided for filling that vacancy by the constitution and laws.  Under the present stat-

ute, however, (section 217 Rev. Stats.) it would be the duty of the governor to appoint, and such appointee would hold, until the end of the next ensuing session of the senate, unless an appointment should be sooner made and confirmed, or consented to by the senate, * * *
* * and when the senate next met it would be the duty of the governor and senate to fill the office for the unexpired term, under the original power to appoint. With this statute in force, the governor could not grant a commission under section 7, Art. IV, for the unexpired term, for the reason that in such a case the statute and the constitution together would provide a mode of filling the vacancy for the unexpired term." This language was used with reference to filling a vacancy in the office of County Solicitor, but we think that it is equally applicable to filling vacancies in the office of Circuit Judge and Judge of a Criminal Court of Record. We are of the opinion that under the provisions of said section 7, Art. IV. of the Constitution, in conjunction with section 217 Revised Statutes, where a vacancy occurs in the office of Circuit Judge, and in that of Judge of a criminal court of record, during a recess of the senate, that the governor properly fills such vacancy by appointment to hold not longer than the end of the next ensuing session of the senate, and that when such next ensuing session of the senate convenes it is the duty of the governor to submit appointees to fill such vacancies to the senate for confirmation for the unexpired term.

Judge Maxwell took no part in this communication because of illness in his family.

Respectfully,

R. F. TAYLOR, Chief Justice. W. A. HOCKER,
R. S. COCKRELL. T. M. SHACKLEFORD,
FRANCES B. CARTER,