PER CURIAM.
Upon consideration of petitioner’s “Suggestion for the Issuance of a Rule Nisi in Prohibition, a Rule Absolute and a Judgment in Prohibition, and an Alternative Writ of Mandamus, a Peremptory Writ and a Judgment of Mandamus,” the Answer filed by respondent-petitioners was treated as a Petition for a Writ of Quo Warranto. A Rule to Show Cause in Quo Warranto was issued pursuant to Fla. Const., art. V, § 4, F.S.A., requiring respondents to show by what right or warrant they claim to be the lawful Board of Business Regulation of the State of Florida, and the Return was duly filed.
The Legislature of the State of Florida in its new Governmental Reorganization Act of 1969[1] created a Department of Business Regulation and named to head the department a Board of Business Regula *714 tion, composed of five members. It provided that their appointment be by the Governor, subject to confirmation by the Senate, and further provided that the Governor may suspend the members of the Board, subject to the removal or reinstatement by the Senate. Fla.Stat. § 20.16 (1969), F.S.A. Pursuant thereto the then Governor Claude R. Kirk, Jr., on July 1, 1969, appointed the respondent-petitioners “for a ternv ending July 1, 1973” (four years). The appointments were duly confirmed by the Senate.
In February 1971 the Legislature amended Fla.Stat. § 20.16, F.S.A. to provide that “The members of the board shall serve at the pleasure of the governor,” striking therefrom the original limitation upon the Governor’s power which allowed the Chief Executive only to “suspend, * * * subject to removal or reinstatement by the senate.”[2] Thereupon, the new Governor Reubin O’Donovan Askew removed the respondent-petitioners and replaced them with respondents.
The creating statute (§ 20.16) made no provision for a four-year term, nor indeed is any term mentioned. The four-year term was entirely the creation of the appointing authority. The only reference we find to a term of four years is the provision of Fla.Const. art. Ill, § 13 (1968) (formerly Fla.Const. art. XVI, § 7, 1885) which provides:
“No office shall be created the term of which shall exceed four years except as provided herein.” [Emphasis supplied] [3]
There is accordingly nothing of validity which provides for or supports “a term of 4 years” which was here a sheer presumption without foundation. Prior to the 1968 changes in the Constitution, the Court had construed this four-year limitation provision to “imply” a four year term where a statute creating an office failed to specify a term.[4] This no longer applies under our 1968 Constitution which expressly delimits the four-year provision by adding “except as provided herein”. Any exception is accordingly spelled out now (as in the case sub judice as hereinafter discussed). The question raised in this respect then is simply:
Does the 1971 amendment to § 20.16 [5] violate the provision of Fla.Const. art. Ill, § 13 (1968), by creating a continuing public office, the tenure of which might improperly be for a longer period than four years ?
It does not. The Board is within the provision of new Art. IV § 6 as one “serving at the pleasure of the Governor.” This is an express exception to the four-year limitation.
The new constitutional limitation to 25 executive departments of government in Art. IV § 6 provides that the administration of each shall be “under the direct supervision of the governor, the lieutenant governor, the governor and cabinet, a cabinet member, or an officer or board appointed by and serving at the pleasure of the governor, except:
“(a) When provided by law, confirmation by the senate or the approval of *715 three members of the cabinet shall be required for appointment to or removal from any designated statutory office. [Emphasis added]
“(b) Boards authorized to grant and revoke licenses to engage in regulated occupations shall be assigned to appropriate departments and their members appointed for fixed terms, subject to removal only for cause.”[6] [Emphasis added]
This section [7] was not a carry-over from ■the Constitution of 1885; it was all new. Under the 1885 Constitution, an officer could not “serve at the pleasure of the governor.” It violated the outright prohibition against creation of any office for a term longer than four years (Art. XVI, § 7 [1885], which is Art. Ill, § 13 of 1968 Const.) State ex rel. Davis v. Botts, 101 Fla. 361, 134 So. 219. The four-year limitation was even construed to “imply” a four-year term, as hereinabove mentioned, where a statute creating an office failed to specify a term.[8] Consequently, under the 1885 Constitution, all officers and boards were considered as holding a definite term of office, unless terminated in accordance with applicable provisions for removal. This is no longer true so far as these “exceptions” newly provided for in Art. IV, § 6 are concerned, to “serve at the pleasure of the Governor.” This category which so holds office for an indefinite period, does not violate the four-year limitation since it falls under the new provision “except as provided herein” — by being “provided herein” in Art. IV, § 6, as a “board appointed by and serving at the pleasure of the governor.”
Petitioners contend, notwithstanding, that the Board of Business Regulation falls within the exceptions above in subpara-graphs “(a)” and “(b)” and that this prevents the Board from being a “board appointed by and serving at the pleasure of the Governor” and prevents removal of its members without cause. It does not.
Under present law (1971 Amendment to § 20.16, Fla.Stat., passed as Ch. 71-2(B)) we agree that the provisions of “(a)” apply to the Board insofar as appointment of the members is concerned — and indeed did initially apply as to removal — in requiring confirmation by the Senate. But of course the 1971 Amendment above eliminated this requirement as to removal. This may change from time to time “when provided by law,” which initiating phrase provides the very flexibility seen here.
This subparagraph “(a)” is simply a requirement placed upon any “statutory office” ; it creates no office or board. Respondent/petitioners apparently have assumed that it does, in urging that the Board of Business Regulation is “a board under (a)”.
The prefix clause for activating (a) above is “When provided by law.” This, of course, can be provided or not, as the Legislature sees fit, and it further may be provided either for appointment or removal, or both. Initially, the Legislature saw fit so to provide, both for appointment and removal, in its original statute § 20.16(1). It therein expressly provided with regard to this Board that both appointment and removal should be subject to Senate action. This would not be a clear, unfettered right in the Governor and therefore not “at his pleasure” since the Senate may act. Thereafter, by 1971 Amendment, this § 20.-16(1) was amended to provide that the removal was to be “at the pleasure of the governor,” (thus bringing it within the basic language of Art. IV, § 6). This of course did give to the Governor an unimpeded right of removal, truly “at his pleasure.”
The actual wording of the amendment is that members of such Board shall “serve” *716 at his pleasure. This of course enabled the Governor to remove the existing (“old”) Board without cause or Senate action, because the earlier provision of § 20.16 making removal subject to Senate action was replaced by the substituted, new language in the amendment[9] (as it had been provided could be done under § 6(a) of Art. IV “When provided by law”). The amendment struck out the original limitation upon the Governor’s power which had been only to “suspend, subject to removal or reinstatement by the Senate.” Consequently, the constitutional restrictions on suspensions in having to show cause, etc.,[10] no longer apply to such removal of this Board.
The Board of Business Regulation, under present provisions, in nowise “grants and revokes licenses to engage in regulated occupations.” Therefore, it does not come under subparagraph (b) of Art. IV, § 6, above. The Board stands at the head of the department with sub-agencies (“divisions”) which in fact issue, suspend or revoke those occupational licenses.[11] A ruling of the Board does not literally “issue,” “suspend” or “revoke” licenses as contemplated by the language of Art. IV, § 6(b), any more than does a ruling of an appellate court mandating the issuance, suspension or revocation by agencies which hold that authority for actually issuing, suspending or revoking such licenses.
In State ex rel. Pettigrew v. Kirk, 243 So.2d 147 (Fla.1971), we prohibited “the Board of Business Regulation” from “issuing new alcoholic beverage licenses based upon population increases * * *.” Such language was proper in view of the members of the old Board having been made the respondents' therein. Such order of course carried through to the Board’s sub-agency, its “division” of beverage which now has the direct authority to issue licenses, subject to review by the Board of Business Regulation. Prohibiting “the Board” was not to infer that it now directly “issues licenses” so as to bring it within the ambit of “(b)” of Art. IV, § 6.
The very language of Art. IV, § 6, makes it obvious that this Board, as a department head, is not one of the assignable “boards” mentioned in exception “(b)”. To place this Board within “(b)” would require making it subordinate to itself, since the boards in “(b)” “shall be assigned to appropriate departments * * It can hardly be assigned to itself. Such impossibility of interpretation is proof that the Board of Business Regulation is the one in the “direct supervision” line of heads of departments in the first paragraph of § 6 beginning with “the Governor, the Lieutenant Governor, etc.” The Board of Business Regulation is not in the category of an assignable, fixed term, removal-for-cause type of board contemplated in “(b)” to be assigned to a department, as for example is the State Racing Commission mentioned in Fla.Stat. § 20.16(5), F.S.A.
This distinction is also demonstrated in Section (2) of the original statute § 20.16 which outlines the several divisions of the department with regard to such licenses in their respective areas of, e. g., pari-mutuel wagering, hotels and restaurants, beverage, etc. The words “business” and “occupation” have often been used interchangeably; it is noteworthy, however, that the Constitution makes reference only to “occupation.” The Legislature made a very definite distinction between businesses and occupations in the Governmental Reorganization Act in Fla.Stat. § 20 (1969), F.S.A. Section 20.16 established the Department *717 of Business Regulation; § 20.30 established the Department of Professional and Occupational Regulation. It can thus be seen from this structuring of our state government that a significant distinction was made between the regulation of business and the regulation of occupations.
It is therefore apparent that the Board does not fall within the exception of Fla. Const, art. IV, § 6(b) above. Accordingly, the removal of the old Board without cause was entirely proper under the 1971 amendment to § 20.16. This is precisely what the Legislature intended to allow. It comports with logic and political reality that a Chief Executive would have control over a principal board for effective administration of his office. The people very properly look to their elected head for leadership and operation of their government; similarly, they hold him responsible for any failures thereof and executive action taken or neglected to be taken. The Governor could be powerless, certainly severely crippled, in carrying out his policies, by an uncooperative or ineffective board through which he must act, and yet is prevented from replacing. The Legislature so recognized in providing that the Board serve at his pleasure.
In summary, it is our opinion, and we hold, that respondents Richard Pallot, Nelson Italiano, Jack C. Demetree, B. W. Simpkins and James Baroco, Sr., constituting the new Board of Business Regulation, hold valid title to said office. Accordingly, the Rule to Show Cause in Quo War-ranto is discharged and the pending Petitions for Mandamus and Prohibition (which were deferred until ruling was made on Quo Warranto) are now denied.
ROBERTS, C. J., and ERVIN, CARLTON, ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.

. Fla.Stat. Ch. 20.

.“Subsection (1) of section 20.16, Florida Statutes, is amended to read:
“20.16 Department of business regulation. — There is created a department of business regulation.
“(1) The head of the department of business regulation is the board of business regulation composed of five members. The members of the board shall be appointed by the governor, subject to confirmation by the senate. The members of the board shall serve at the pleasure of the governor, [new]

. Fla.Const. art XVI, § 7 (1885) excepted only membership on Board of Regents for “not more than 9 years”. (Deleted from 1968 Const.)

. State ex rel. Watson v. Hurlbert, 1945, 155 Fla. 531, 20 So.2d 693.

. See footnote 2.

. Fla. Const, art. IV § 6 (1968).

. Id.

. See footnote 4.

. See new language of amendment in footnote 2.

. Fla.Const., art. IV, § 7 (1968).

. This point was considered but not ruled upon in State ex rel. Investment Corporation of South Florida v. Board of Business Regulation, 227 So.2d 674 (Fla.1969) and West Flagler Assoc., Ltd. v. Board of Business Regulation, 241 So.2d 369 (Fla.1970).