*429 SUPREME COURT OF FLORIDA TALLAHASSEE 32304
May 7, 1971
Honorable Reubin O’D. Askew
Governor of Florida
The Capitol
Tallahassee, Florida 32304
Dear Governor:
We have the honor to acknowledge your communication of April 26, 1971, requesting our opinion upon a question affecting your executive powers and duties as authorized by Section 1(c) of Article IV, Florida Constitution [F.S.A.].
Omitting the formal parts, your letter reads as follows:
“It is my constitutional duty to fill by appointment vacancies in certain state and county offices. Section 1(f) of Article IV of the Florida Constitution provides in part:
“ ‘(f) When not otherwise provided for in the constitution, the governor shall fill by appointment any vacancy in a state or county office for the remainder of the term of an appointive office. * * * ’ (Emphasis added)
“In 1970, the Florida Legislature enacted Chapter 70-395 [70-385], Laws of Florida, which provides in part :
“‘114.04 Filling vacancies. — In all such cases, and in all other cases in which a vacancy may occur, if the office be a state, district, or county office (other than a member or officer of the legislature), the governor shall fill such office by appointment, and the person so appointed shall be entitled to take and hold such office until the same shall be filled by an election as provided by law. In cases requiring the confirmation or advice and consent of the senate, the person so appointed may hold such office as provided in section 112.071.’ (Emphasis added)
“In 1970, the Legislature enacted Chapter 70-439, Laws of Florida, which provides in part:
“‘(1) Whenever an office created by the legislature or provided for by the constitution is or becomes vacant and when the appointment is required by the constitution or statute to be confirmed by the state senate and such office is to be filled by the governor the following procedure shall be followed, unless the state constitution requires otherwise:
* * * * * *
“ ‘(b) If a vacancy occurs when the senate is not in session or in other than regular session, the governor shall notify the department of state of the said appointment, whereupon the department shall prepare and countersign a commission for the term of the vacancy and deliver the same to the governor for his signature and delivery to the appointee. However, said appointment and commission shall be dependent upon the approval by the senate at its next ensuing regular session. The department of state shall then forthwith notify the secretary of the senate of the appointment made by the governor, and the secretary of the senate shall so advise the president, president pro tern and each member of the senate.
“ ‘(c) Should the senate reject said appointment and commissioning of the appointee, the said office shall forthwith become vacant. In such event, the appointee whose appointment is rejected by the senate shall not be eligible for appointment between the time of such rejection and the beginning date of the next ensuing regular session of the legislature. If the senate fails to act on said appointment and commission during the session in which it is required to act, the appointee shall serve only until the last day of the legislative session *430 which takes no action on said appointment. If the senate does confirm the appointment, the appointee shall serve for the full term for which the office was created.
* * * * * *
“ ‘(2) The length of term of the office shall be as set forth in the statute, subject to the limitations of the state constitution. If the statute does not specify whether an appointment made between sessions of the legislature shall be for the full term thereof, said appointment shall be for the full term of the office created if the senate confirms the said appointment.’ (Section 112.071-1970 Supp. to F.S. (1969) [F.S.A.])
“The then Governor of the State of Florida, the Honorable Claude R. Kirk, Jr., took action to appoint persons to vacancies in certain state and county offices. These appointments have been processed in accordance with the procedures set forth in the above-quoted statutes. I am advised that the Department of State has notified the Secretary of the Senate of appointments made by former Governor Kirk, but that the Senate has not confirmed or advised and consented to any of such appointments.
“For the purpose of this request, please assume that the appointments now pending before the State Senate relate to: (a) offices which are appointed state or county offices within the meaning of Article IV, Section 1(f), Florida Constitution, (b) offices which require appointment by the Governor and the confirmation of or advice and consent to such appointment by the Florida Senate, (c) offices which have a fixed term, (d) offices which became vacant when the Senate was not in regular session.
“In view of the provisions of the Constitution, laws and facts which I have heretofore related, I am in doubt as to the nature and effect of the ad interim appointments which were made by my predecessor and which are now pending before the Florida Senate. I, therefore, have the honor to request your written opinion on the following questions:
“1. What is the term of office of these ad interim appointments ?
“2. If your answer is that the ad interim appointments are made only until the last day of the legislative session which takes no action on such appointments, do I have the executive power to avoid or ignore such executive appointments and would I have the executive power to initiate new appointments and submit the same to the Florida Senate during this regular session ?
“3. If your answer is that I have the executive power to initiate new appointments, do I have the power to request the State Senate to return these certificates of ad interim appointments or other evidence of such appointments now pending before that body?”
Our advisory reported in 229 So.2d 229 (Fla.1969) did not relate to appointments requiring the confirmation or advice and consent of the Senate, and therefore not involved here.
Prior to its amendment by Ch. 70-395 [70-385], Laws of Florida, Fla.Stat. § 114.-04, F.S.A., reads as follows:
. “Filling vacancies. — In all such cases, and in all other cases in which a vacancy may occur, if the office be a state, district or county office (other than a member or officer of the legislature), the governor shall fill such office by appointment, and the person so appointed shall be entitled to take and hold such office until the same shall be filled by an election as provided by law, and in cases requiring the confirmation or the advice and consent of the senatej the person so appointed may hold until the end of the next ensuing session of the senate unless an appointment be sooner made and confirmed and consented to by the senate.” (Emphasis supplied)
*431 When a vacancy occurs in an office which must he filled through appointment by the Executive and confirmation by the Senate, two terms arise: The ad interim term runs from the date of the first appointment until the end of the next ensuing session of the Senate unless confirmation is sooner made by the Senate of an appointee for the unexpired portion; the next term is the unexpired term of the office which begins upon appointment by the Governor and confirmation by the Senate.
The advisory reported in 147 Fla. 157, 2 So.2d 378 (1941) discusses an ad interim appointment and a subsequent appointment for confirmation by the Senate. We there said:
“When an ad interim appointment of a Circuit Judge is legally made by the Governor to hold until the end of the next session of the Senate, it is the duty of the Governor to submit to the Senate at its next session an appointment of a Circuit Judge for confirmation to fill such office under Sections 43 and 45, Article V of the Constitution, for the term contemplated by the Constitution. The ad interim appointment and the subsequent appointment for confirmation by the Senate may be by succeeding Governors. In the latter case the incumbent Governor makes an appointment, and does not merely transmit to the Senate for confirmation the name of the Judge who had been appointed ad interim." (Emphasis supplied)
In State ex rel. Wynn v. Squarcia, 66 So.2d 263 (Fla.1953), original quo war-ranto proceedings, the respondent Squarcia was appointed after the Senate adjourned in 1951. During the 1953 session of the Legislature a successor governor appointed relator Wynn to the office for the remainder of the term. Wynn’s appointment was submitted to the Senate and confirmed. Both relator Wynn and respondent Squarcia claimed title to the office. Respondent Squarcia contended that the Senate neither confirmed nor rejected his appointment, since it was not given an opportunity to do so by the successor governor, and he therefore had a lawful right to continue in the office in the absence of a rejection by the Senate. He further contended that no vacancy existed at the time the successor governor appointed Wynn, so the subsequent confirmation by the Senate was void. These contentions were not sustained, this Court saying:
“[T]he provisions of Section 7 of Article IV that a commission to fill a vacancy shall be ‘for the unexpired term’ may not be applied in the instant case, since Section 114.04, Florida Statutes, specifically provides a ‘mode * * * for filling such vacancy’, to wit: ‘ * in cases requiring the confirmation or the advice and consent of the senate, the person so appointed may hold until the end of the next ensuing session of the senate unless an appointment be sooner made and confirmed and consented to by the senate.’
“Since then, the Governor was not exercising his original power of appointment under Section 33.03, but was proceeding under the powers granted by Article IV, Section 7, as limited by Section 114.04, supra, he was authorized to appoint only in the manner specified therein, to wit: his appointment was required to be limited ‘until the end of the next ensuing session of the senate unless an appointment be sooner made and confirmed and consented to by the senate.’
“As illustrative of the application of the rule as to the exercise of the Governor’s power to fill vacancies .in offices requiring the confirmation of the Senate, at a time when the Senate is not in session, see the following cases: Simonton v. State ex rel. Turman, 44 Fla. 289, 31 So. 821 (as to county solicitors); In re Advisory Opinion to Governor, 45 Fla. 154, 34 So. 571 (as to circuit judges and judges of criminal courts of record); *432 In re Advisory Opinion to Governor, 137 Fla. 298, 188 So. 218, 219 (as to county solicitors); In re Advisory Opinion to Governor, 147 Fla. 148, 2 So.2d 372 (as to assistant state attorneys); Advisory Opinion to Governor, 147 Fla. 157, 2 So.2d 378 (as to newly created offices of circuit judges in Dade County.)
“For the reasons stated, it must be held that the commission of the respondent was properly limited, as provided by Section 114.04, supra; that upon the appointment by the Governor and confirmation of the relator as Judge of the Civil Court of Record of Dade County, the respondent’s ad interim appointment terminated and expired; and that the relator is entitled to the title and emoluments of the office and to exercise the duties thereof.”
In the advisory reported in 171 So.2d 539 (Fla.1965), this Court said:
“In the event of a vacancy at a time when the state Senate is not in session, it is your executive power and duty to fill the vacancy by appointment, and for an ad interim term only, expiring not later than the last day of the next ensuing session of the state Senate. In Advisory Opinion to Governor (Martin) reported in 93 Fla. 1024, 113 So. 115, the Justices said:
“ ‘In an advisory opinion to the Governor, printed in 45 Fla. at page 154, and reported also in 34 So. at page 571, the Justices of this court expressed the view that, when a vacancy occurs in the office of a circuit judge during the recess of the Senate, the Governor properly fills such vacancy by appointment to hold no longer than the end of the next ensuing session of the Senate, and when such next ensuing session of the Senate convenes it is the duty of the Governor to submit appointees to fill such vacancies to the Senate for confirmation for the unexpired term.’ (Italics supplied)
"In the exercise of freedom of choice the Governor is not required to send to the Senate the name of the ad interim incumbent but may, if he deems it in the best interest of the public welfare, send the name of a new appointee for the unexpired portion of each of the cycles.” (Emphasis supplied)
Under our decisions prior to the 1970 amendments, it is clear that the incumbent Governor was not required to submit the name of the ad interim appointee. He had a right to make his own appointment and transmit the name of his appointee to the Senate for confirmation.
Chapter 70-385, Laws of Florida, amended Fla.Stat. § 114.04, F.S.A., so that the following words in old § 114.04,
“[I]n cases requiring the confirmation or the advice and consent of the senate, the person so appointed may hold until the end of the next ensuing session of the senate unless an appointment be sooner made and confirmed and consented to by the senate,”
were changed to read,
“In cases requiring the confirmation or advice and consent of the senate, the person so appointed may hold such office as provided in § 112.071.”
Fla.Stat. § 112.071, F.S.A., referred to above, was enacted by Chapter 70-439. Subsection (1) of this statute states the legislative intent in these words:
“(1) Whenever an office created by the legislature or provided for by the constitution is or becomes vacant and when the appointment is required by the constitution or statute to be confirmed by the state senate and such office is to be filled by the governor the following procedure shall be followed, unless the state constitution requires otherwise.” (Emphasis supplied)
Clearly, it was the intent of the Legislature to establish a procedure and not to change the substantive law relative to ad interim appointments.
*433 Subsection (1) (b), of Chapter 70-439, quoted in your request (Fla.Stat. § 112.071 (1)(b)) prescribes the procedure to be followed if a vacancy occurs when the Senate is not in session. The Department of State issues the commission for the “term of the vacancy,” but the “appointment and commission shall be dependent upon the approval by the Senate at its next ensuing regular session.” This conforms with the substantive law expressed in our prior decisions.
When a vacancy occurs while the Senate is in session and the appointee must be confirmed by the Senate, the commission given prior to confirmation is for the “ad interim term” and, upon confirmation by the Senate, the commission is for the “unexpired term.” The “unexpired term” is a completely new and different term from the “ad interim term.” Although, under the statute, an officer duly appointed for the ad interim term cannot be removed during such term except for good cause, the name of any other qualified person to fill the unexpired term may be submitted to the Senate for confirmation. Until confirmed by the Senate, the Governor may recall any name and substitute another.
The Chief Executive, selected by the people, is charged with the responsibility of completing the program he presented to the electorate while seeking the office. It is important that he be allowed to exercise a freedom of choice in selecting those appointees whom he feels are qualified, as the people look to him for leadership in the operation of their government. Compare State ex rel. Investment Corporation of South Florida v. Harrison, 247 So.2d 713 (Case No. 40,869) (opinion filed April 14, 1971).
In answer to your first question as to the term of office of an ad interim appointment, should the Senate reject the appointment and commissioning of the appointee, the office forthwith becomes vacant. If the Senate fails to act on the appointment and commission during the session in which it is required to act, the appointee serves only until the last day of the legislative session which takes no action on the appointment. See Fla.Stat. § 112.071(1) (c), F.S.A.
In answer to your second question, you have no right to remove an appointee during the ad interim term except for good cause. However, you have the executive power to initiate new appointments for the unexpired term and submit the same to the Florida Senate during this regular session. Upon your doing so, the only appointments over which the Senate has confirmation jurisdiction are those submitted by you and those made by your predecessor and not recalled by you. Upon your recalling any of the appointments the confirmation jurisdiction of the Senate ceases and that body is under a lawful obligation to return them to you.
In answer to your third question, you have the power to request the State Senate to return the certificates of ad interim appointments or other evidence of such appointments now pending before that body, and to make your own appointments for the unexpired terms and send them to the Senate for confirmation.
In summary, we have advised you that you have the power to fill a vacancy by appointment in accordance with law, and, if such appointment is made when the Senate is not in session, the maximum term that it can be made for is the last day of the next ensuing session of the State Senate, or until a successor is appointed by you and confirmed by the next ensuing session of the State Senate, whichever condition occurs first; that the appointments by your predecessor expire on the last day of this session of the State Senate, or when a successor shall be appointed and confirmed by the State Senate, whichever condition occurs first, and any language in a commission purported to extend an appointment beyond such date is ineffectual and void; that in making appointments you will not be required to submit for con *434 firmation the names of the incumbents holding office under ad interim appointments.
Respectfully yours,
B. K. ROBERTS, Chief Justice
RICHARD W. ERVIN
VASSAR B. CARLTON
JAMES C. ADKINS, Jr.
JOSEPH A. BOYD, Jr.
DAVID L. McCAIN
HAL P. DEKLE Justices