*510 SUPREME COURT OF FLORIDA
TALLAHASSEE
32304
January 7, 1975
Honorable Reubin O’D. Askew Governor, State of Florida The Capitol
Tallahassee, Florida 32304
Dear Governor Askew:
We have the honor to acknowledge your communication of December 10, 1974, requesting our advice pursuant to Section 1(c), Article IV, Florida Constitution, 1968 Revision, and Rule 2.1(h), Florida Appellate Rules, relating to certain executive powers and duties.
Omitting the formal parts your letter reads as follows:
“By virtue of the provisions of Section 1(c), Article IV, Florida Constitution, 1968 Revision, and Rule 2.1(h), Florida Appellate Rules, I have the honor to request your written opinion as to the interpretation of a portion of the Florida Constitution affecting my executive powers and duties.
“The termination of the present gubernatorial term of office on January 6, 1975, and the commencement of a new term raises a legal question as to the status of those officials appointed by me during the last four years pursuant to the Constitution and statutes providing that the appointee shall serve ‘at the pleasure of the governor.’
“Section 20.16, Florida Statutes, for instance, is clear that members of the Board of Business Regulation are appointed by the Governor but that they must be reappointed (or replaced) if the governor is reelected. Does silence on this point in other statutes suggest that the appointments provided therein ‘at the pleasure of the governor’ need not be renewed by reappointment to be effective in the new gubernatorial term ? (e. g., see Sections 20.18 and 20.23, Florida Statutes.) This is an important question since the official acts of these appointees, if not properly appointed and commissioned, could be subject to attack by quo zvarranto or other proceedings.
“My specific question, therefore, is as follows:
“IS IT NECESSARY FOR THE GOVERNOR TO REAPPOINT (OR REPLACE) AT THE BEGINNING OF HIS SECOND TERM OF OFFICE THOSE OFFICIALS APPOINTED BY HIM DURING THE PRECEDING TERM UNDER STATUTES PROVIDING THAT THE APPOINTEE SERVES ‘AT THE PLEASURE OF THE GOVERNOR’ IN ORDER THAT THERE BE NO LEGAL QUESTION AS TO TFIE INCUMBENT’S RIGHT TO THE OFFICE?”
Relative to appointments by the Governor of officers serving at his pleasure, Article IV, Section 6, Florida Constitution, 1968, specifically provides:
“Executive departments. — All functions of the executive branch of state government shall be allotted among not more than twenty-five departments, exclusive of those specifically provided for or authorized in this constitution. The administration of each department, unless otherwise provided in this constitution, shall be placed by law under the direct supervision of the governor, the lieutenant governor, the governor and cabinet, a cabinet member, or an officer or board appointed by and serving at the pleasure of the governor, except:
*511 (a) When provided by law, confirmation by the senate or the approval of three members of the cabinet shall be required for appointment to or removal from any designated statutory office.
(b) Boards authorized to grant and revoke licenses to engage in regulated occupations shall be assigned to appropriate departments and their members appointed for fixed terms, subject to removal only for cause.”
Although Article III, Section 13, Florida Constitution, provides:
“Term of office. — No office shall be created the term of which shall exceed four years except as provided herein.”
this Court, in State ex rel. Investment Corp. of So. Fla. v. Harrison, 247 So.2d 713 (Fla.1971), construed Article IV, Section 6, as creating an express exception to this four-year limitation. Therein, this Court explained:
“There is accordingly nothing of validity which provides for or supports ‘a term of 4 years’ which was here a sheer presumption without foundation. Prior to the 1968 changes in the Constitution, the Court had construed this four-year limitation provision to ‘imply’ a four year term where a statute creating an office failed to specify a term. This no longer applies under our 1968 Constitution which expressly delimits the four-year provision by adding ‘except as provided herein’. Any exception is accordingly spelled out now (as in the case sub judice as hereinafter discussed). The question raised in this respect is simply:
Does the 1971 amendment to § 20.16 violate the provision of Fla.Const. art. Ill, § 13 (1968), by creating a continuing public office, the tenure of which might improperly be for a longer period than four years ?
“It does not. The Board is within the provision of new Art. IV § 6 as one ‘serving at the pleasure of the Governor.’ This is an express exception to the four-year limitation.

“This section was not a carry-over from the Constitution of 1885; it was all new. Under the 1885 Constitution, an officer could not ‘serve at the pleasure of the governor.’ 'It violated the outright prohibition against creation of any office for a term longer than four years (Art. XVI, § 7 [1885], which is Art. III, § 13 of 1968 Const.). State ex rel. Davis v. Botts, 101 Fla. 361, 134 So. 219. The four-year limitation was even construed to ‘imply’ a four-year term, as herein-above mentioned, where a statute creating an office failed to specify a term. Consequently, under the 1885 Constitution, all officers and boards were considered as holding a definite term of office, unless terminated in accordance with applicable provisions for removal. This is no longer true so far as these 'exceptions’ newly provided for in Art, IV, § 6 are concerned, to ‘serve at the pleasure of the Governor.’ This category which so holds office for an indefinite period, does not violate the fottr-year limitation since it falls under the new provision ‘except as provided herein’ — by being ‘provided herein’ in Art IV, § 6, as a ‘board appointed by and serving at the pleasure of the governor.’ ’’ (emphasis supplied)
The language of the statutory provisions in Chapter 20, Florida Statutes, relative to appointment by the governor of the heads and boards of the various departments of the Executive Branch of Government varies as to those officers appointed by the Governor subject to confirmation by the Senate who serve at the “pleasure of the Governor” with no specific term of office designated by statute, i. e., the Secretary of the Department of Commerce if not the Lieutenant Governor, the Secretary of Community Affairs, and others (except the Executive Director of the Department of Law Enforcement hereinafter discussed) described in this category by Chapter 20, *512 Florida Statutes, and those officers appointed by the Governor such as the Board of. Business Regulation who by statute must be reappointed or at the discretion of the Governor, replaced by a new appointment, each time a Governor is elected- or relected. Section 20.16, Florida Statutes, states in pertinent part:
“Each time a governor is elected or reelected, each member of the board shall be reappointed or, at the discretion of the governor, replaced by a new appointment. Reappointment shall be subject to confirmation of the senate in the same manner as initial appointment.”
Section 114.04, Florida Statutes, specifically provides in pertinent part:
“Filling vacancies. — In all such cases, and in all other cases in which a vacancy may occur, if the office be a state, district, or county office (other than a member or officer of the legislature), the governor shall fill such office by appointment, and the person so appointed shall be entitled to take and hold such office until the same shall be filled by an election as provided by law. In cases requiring the confirmation or advice and consent of the senate, the person so appointed may hold such office as provided in § 112.071. Each secretary and division director of a department of state government who is required by law to be appointed by the governor and confirmed by the senate shall serve at the pleasure of the governor unless otherwise provided by law, and the appointment will run concurrently with the term of the governor making the appointment. In the event a governor is elected to a second term of office pursuant to § 5, Art. IV, of the state constitution, each secretary and division director so appointed shall be reappointed or, at the discretion of the governor, replaced by a new appointment. Reappointments to the same office shall be subject to confirmation or re confirmation of the senate as provided in § 112.071.” (emphasis supplied)
As to the Executive Director of the Department of Law Enforcement, the Legislature in Florida Statutes, Section 20.20,* made a unique difference by requiring appointment by the Governor to be approved by three members of the Cabinet and confirmed by the Senate and then providing that such Executive Director shall serve at the pleasure of the Governor and Cabinet. The “pleasure of the Cabinet” is not involved of any of the other aforementioned departments. Obviously, the Legislature was providing for continuity in the Department of Law Enforcement, a change of which would require action of both the Governor and Cabinet. This Department, therefore, is different from those defined in Section 114.04, Florida Statutes, and not included in the statutory mandate requiring reappointment.
Therefore, the Division Directors and Secretaries of the various departments of the Executive Branch of Government that are appointed by the Governor and require a confirmation by the Senate would necessarily have to be reappointed or, at the discretion of the Governor, replaced.
Those appointed by the Governor and serving “at his pleasure” and the “pleasure of the Cabinet” would not require reappointment except in those instances as herein-above defined and as required by statute.
By way of summary in answer to your question, it is our opinion and we so advise you as follows :
1. As to those whose initial appointment requires confirmation by the Senate and where statute requires reappointment (or replacement at the discretion of the Governor), i. e., F.S. 114.04 and F.S. 20.16, a new appointment is required.
2. As to those whose initial appointment requires approval by three members *513 of the Cabinet and confirmation by the Senate, such Director would hold, in accordance with the demand of the statute, at the pleasure of the Governor and Cabinet and would not require reappointment.
3. As to those serving at the pleasure of the Governor but not requiring Senate confirmation and not required by express statutory command to be reappointed or at the discretion of the Governor replaced by a new appointment, they would continue to serve at the pleasure of the Governor without the necessity for reappointment.
Respectfully submitted,
JAMES C. ADKINS,
Chief Justice,
B. K. ROBERTS,
DAVID L. McCAIN,
BEN F. OVERTON,
ARTHUR J. ENGLAND, Jr.
Justices.

 Compare Chapter 74-386, Laws of Florida, which contains identical language relative to the Executive Director serving at the pleasure of the Governor and Cabinet.