Honorable Bob Martinez Governor The Capitol Tallahassee, Florida 32399
Dear Governor Martinez:
I have the honor of responding to your letter of March 4, 1987, requesting my opinion upon questions relating to your official duties and responsibilities.
The questions you have posed are as follows:
 1. WHEN THE GOVERNOR REMOVES FROM SENATE CONSIDERATION FOR CONFIRMATION THE APPOINTMENT OF AN INDIVIDUAL, AND APPOINTS ANOTHER FOR SENATE CONSIDERATION FOR CONFIRMATION, WHICH INDIVIDUAL HOLDS OFFICE PENDING SENATE CONFIRMATION OF THE SUBSEQUENT APPOINTEE?
 2. IS THE GOVERNOR'S POWER TO REMOVE AN APPOINTEE'S NAME FOR SENATE CONSIDERATION AFFECTED BY A STATUTORY REQUIREMENT THAT THE APPOINTMENT BE APPROVED BY THE STATE BOARD OF EDUCATION?
QUESTION ONE
You state that as Governor of the State of Florida it is your duty to fill by appointment vacancies in certain state, district, or county offices. After reviewing the appointments made by your predecessor in office, you have elected to withdraw the names of certain of those appointees. However, because of legislative amendments to the statutes prescribing the mode for filling vacancies in offices subsequent to a 1971 advisory opinion of the Florida Supreme Court, you are unclear in regard to the correct procedures to follow.
The Governor's power to fill vacancies is constitutionally derived and legislatively implemented. See, s. 1(f), Art. IV, State Const.; State ex rel. Wynn v. Squarcia, 66 So.2d 263, 265
(Fla. 1953). And see, s. 3, Art. X, State Const., defining a vacancy in office; and s. 114.01, F.S., specifying when an office may be deemed vacant. The Florida Supreme Court has previously considered the question of whether a Governor upon taking office has the power to initiate new appointments to fill vacancies in offices which require the confirmation of the Senate when the Senate has not acted upon such appointments made by his predecessor in office. See, In re Advisory Opinion to Governor,247 So.2d 428 (Fla. 1971). In that opinion, the Court recognized that when a vacancy occurs in an office which must be filled through appointment by the Governor and confirmation by the Senate, two terms arise:
 The ad interim term runs from the date of the first appointment until the end of the next ensuing session of the Senate unless confirmation is sooner made by the Senate of an appointee for the unexpired portion; the next term is the unexpired term of the office which begins upon appointment by the Governor and confirmation by the Senate. (emphasis in original)
247 So.2d at 431. The Court concluded that "[u]ntil confirmed by the Senate, the Governor may recall any name and substitute another." 247 So.2d at 433. Specifically addressing the question of which appointee holds office pending confirmation by the Senate of the second appointment, pursuant to the provisions of Ch. 114, F.S. (1971), the Court at 433 stated:
 In answer to your second question, you have no right to remove an appointee during the ad interim term except for good cause. However, you have the executive power to initiate new appointments for the unexpired term and submit the same to the Florida Senate during this regular session. Upon your doing so, the only appointments over which the Senate has confirmation jurisdiction are those submitted by you and those made by your predecessor and not recalled by you. Upon your recalling any of the appointments the confirmation jurisdiction of the Senate ceases and that body is under a lawful obligation to return them to you.
In reaching its decision, the Court relied upon the language of s.114.04, F.S. (1971), which in pertinent part provided:
 In cases requiring the confirmation or advice and consent of the senate, the person so appointed may hold such office as provided in s. 112.071.
You question, in light of legislative amendments to the relevant provisions of the statutes since this advisory opinion was issued, which individual, the initial appointee or the second appointee, would hold office pending Senate confirmation of the subsequent appointee.
The procedures set forth in s. 112.071, F.S. (1971), were comparable to those presently contained in s. 114.05, F.S. A change was made in the terminology in referring to the document prepared by the Department of State which is issued to the appointee prior to confirmation by the Senate. Present procedures set forth in s. 114.05(1)(a), F.S., state that after the Governor has made an appointment to fill a vacancy which requires confirmation by the Senate and has transmitted to the Secretary of State for filing a letter of appointment, the Secretary shall transmit to the appointee an oath of office, questionnaire for executive appointment and bond form when required. "Upon receipt of the questionnaire, oath of office, and bond if required, the Secretary of State shall transmit to the appointee a certificate of appointment, under seal, certifying that the appointment was made of the appointee to the office, for the term indicated in the letter of appointment." (e.s.) The same act creating s. 114.05, F.S., repealed former s. 112.071, F.S. (1971). Section 4, Ch. 77-235, Laws of Florida. Former s. 112.071 referred to the document transmitted to the appointee as a commission. After the Governor had notified the Department of State of an appointment, "the department [would] prepare and countersign a commission for the term of the vacancy and deliver the same to the governor for his signature and delivery to the appointee." Section 112.071(1)(b), F.S. (1971). However, s. 112.071(1)(b) made it clear that this "commission" was "dependent upon the approval by the senate at its next ensuing regular session." Thus, under both statutes, s. 114.05, F.S., and s. 112.071, F.S. (1971), the ad interim appointee would serve in the office contingent upon subsequent approval or confirmation by the Senate. These differences in terminology would not, in my opinion, appear to affect the substantive law as to ad interim appointees awaiting confirmation by the Senate.
In 1977, in the same act which repealed s. 112.071 and created s.114.05, the Legislature amended s. 114.04, quoted above, as follows:
 With respect to any office which requires confirmation by the Senate, the person so appointed may hold an ad interim term of office subject to the provisions of s. 114.05 (language added underscored; language deleted)
Section 2, Ch. 77-235, Laws of Florida. These changes do not express a legislative intent to change the substantive law relative to ad interim appointments, nor, in my opinion, alter the conclusions reached by the supreme court in its advisory opinion. In this regard review the Court's analysis in Advisory Opinion to Governor, supra at 432. The only other legislative changes to this statute were made in 1979 to improve clarity. See, s. 68, Ch. 79-400, Laws of Florida.
Based upon the foregoing, I am of the opinion that the legislative amendments made to ss. 114.04 and 114.05, F.S., do not change the substantive law applicable to ad interim appointments. When the Governor removes from Senate consideration for confirmation the appointment of an individual and appoints another, the initial appointee holds office during the ad interim term pending Senate confirmation of the subsequent appointee.
QUESTION TWO
Your second question involving an appointment made to fill a vacancy with the approval of the State Board of Education and confirmation by the Senate, is one of first impression. However, the legal principles set forth in the supreme court's advisory opinions involving the Governor's appointment power and the legislative intent expressed in the relevant statutes provide guidance to this issue. While your question relates to an appointment to fill a vacancy which must be approved by the State Board of Education, see, e.g., ss. 240.307, 240.313(3) and 240.145, F.S., you have not advised this office as to the specific board or commission in question; therefore, for purposes of this opinion the Governor's appointment power to fill a vacancy with the approval of the Cabinet or a board or commission comprised of the Governor and Cabinet will be considered generally. In regard to the composition of the State Board of Education, see, s. 2, Art. IX, State Const. Where such approval is required, whether by the State Board of Education or three members of the Cabinet, it will be referred to as approval by the Cabinet for purposes of this opinion.
In regard to the Governor's right to recall an appointment and to initiate a new appointment, generally where the Governor makes the appointment without the approval of another body, the right to recall may be exercised up until the last step in the appointment process has been taken. See, In re Advisory Opinion to Governor,247 So.2d 428 (Fla. 1971); Tappy v. State ex rel. Byington,82 So.2d 161 (Fla. 1955). See generally, 63A Am.Jur.2d Public Officers and Employees s. 110; 67 C.J.S. Officers s. 43. Where, however, the Governor's appointment power is conditioned upon the approval of some other body, such as the Cabinet or the State Board of Education, it would appear that subsequent to an appointment being approved by such body, the Governor's power to recall the appointment and to initiate a new appointment is contingent upon the concurrence of the Cabinet or State Board of Education, as the case may be. See, s. 6, Art. IV, State Const., which provides the constitutional basis for Cabinet approval of gubernatorial appointments to fill vacancies in statutory offices.
There are no judicial decisions directly on this point. Unlike the situation involved in the 1971 supreme court's advisory opinion where the Governor's appointment power was not constrained by the necessary approval of the Cabinet, the appointment power of the Governor in the instant inquiry is contingent upon the action of other officials. It is clear that the Governor in situations where he alone exercises the appointment power may recall an appointment and initiate a new appointment prior to confirmation by the Senate. Analogously, I am of the view that where Cabinet approval and Senate confirmation is required, prior to action by the Cabinet, the Governor could withdraw an appointment and submit another for consideration, provided that such reappointment complies with any pertinent statutory procedures and rules adopted thereunder. See, e.g., s. 240.307, F.S. (Commission of Education may nominate two or more persons for each position on State Board of Community Colleges prior to appointment by the Governor); s. 240.207, F.S. (State Board of Education shall develop rules and procedures for review and approval of appointees to Board of Regents). However, where the Cabinet has taken action on and approved the appointment, a binding step toward proper appointment would appear to have been taken, which the Governor of his own volition may not retract.
The Florida Supreme Court has recognized for purposes of reappointment a distinction between those officers whose initial appointment requires only confirmation by the Senate and those officers whose appointment also requires approval by the Cabinet. See, In re Advisory Opinion of the Governor, Term of Appointments for Governor, 306 So.2d 509 (Fla. 1975). In that opinion the Court concluded that as to those appointments which require only confirmation by the Senate, a new appointment by the Governor upon reelection would be required, but as to those whose initial appointment requires approval by three members of the Cabinet and confirmation by the Senate, a reappointment would not be required. The Court reasoned that unlike appointments which serve solely at the pleasure of the Governor, the Legislature had provided for greater continuity in offices which require approval by three members of the Cabinet. 306 So.2d at 512. One of the positions considered by the Court was the Executive Director of the Department of Law Enforcement. Section 20.20(1), F.S. (1975), in relevant part, provided:
 The executive director of the department shall be appointed by the Governor with the approval of three members of the cabinet and subject to confirmation by the Senate. The executive director shall serve at the pleasure of the Governor and cabinet. (e.s.)
The Court relying on this statutory language recognized that any change in the office would require action of both the Governor and Cabinet.
Applying this rationale to the present inquiry, it would appear that as the Governor's power to make the initial appointments in question must be exercised with the approval of the Cabinet, similarly his power to recall appointments once approved by the Cabinet and to initiate new appointments can only be exercised with the approval of the executive body or agency specified by statute. In this regard, see, for example, s. 240.207(1), F.S., pertaining to appointment of members of the Board of Regents, requiring approval by three members of the Cabinet, and confirmation by the Senate, which provides: "However, no appointee shall take office until after his appointment has been approved by three members of the Cabinet." Thus, the statute specifies that the Governor may only make appointments to the Board of Regents with the approval of three members of the Cabinet and that such appointees may take office only after the appointments have been approved by three members of the Cabinet. To conclude that the Governor may recall an appointment after such appointment has been approved by the Cabinet without the concurrence of the Cabinet would necessitate the application of a disparate theory of law to the recall power; that is, while the statute would restrict the Governor's power to appoint by requiring that such appointment be made with the approval of the Cabinet, it would not likewise constrain the power of the Governor to recall such appointment. I am not aware of any theory of law that would support such position, nor can I discern any such legislative intent expressed in the statutes. Compare the language contained in s. 240.207(2), F.S., concerning removal: "Members may be removed for cause at any time upon the concurrence of a majority of the members of the State Board of Education." The legislative intent expressed by making the removal of a member of the Board of Regents contingent upon the concurrence of a majority of the State Board of Education is consistent with the conclusion that the Governor can recall an appointment after it has been approved by three members of the Cabinet only with the concurrence of three members of the Cabinet.
In conclusion, I am therefore of the opinion that, unless and until judicially determined otherwise, when the Governor removes from Senate consideration the confirmation of an appointment to a vacant office and appoints another individual to such office, the initial appointee holds office during the ad interim term pending Senate confirmation of the subsequent appointment. The Governor's power to recall an appointment which requires the approval of the Cabinet and the confirmation by the Senate, after such initial appointment has been approved by the Cabinet but not yet confirmed by the Senate, may only be exercised with the concurrence of the Cabinet.
Sincerely,
Robert A. Butterworth Attorney General
Prepared by:
Craig Willis Assistant Attorney General