Robert Tointon Chairman, Board of Trustees University of Northern Colorado 301 Carter Hall Greeley, Colorado 80639
Dear Mr. Tointon:
This opinion is written in response to your inquiry dated July 16, 1987.
QUESTION PRESENTED AND CONCLUSION
Must the four individuals appointed by the Governor on July 1, 1987 to be trustees receive the consent of the State Senate before they may serve as voting members of the University of Northern Colorado's Board?
At this point in time, no.
ANALYSIS
Trustees Gail Schoettler and Thomas Stokes resigned from the Board of Trustees in 1986 leaving substantial unexpired portions of their terms. Your term and that of Trustee Arthur Ohanian expired on June 30, 1987. By Executive Order dated July 1, 1987, Governor Romer appointed Mr. Dee Wisor and Mr. Mark Grueskin to replace Trustees Schoettler and Stokes; appointed Luanne Hazelrigg as Mr. Ohanian's successor; and reappointed you to a new term. All of the appointees took the oath of office on July 16, 1987. None has received the consent of the Senate, however, which adjourned its 1987 session temporarily from June 24, 1987 until August 11, 1987.
Section 23-40-104(1)(b), C.R.S. (1986 Supp.) states, in pertinent part:
 The governor shall appoint, with the consent of the senate, seven members of the board of trustees . . . . All vacancies in the office of any member appointed by the governor shall be filled by appointment by the governor for the unexpired term . . . .
Because Mr. Wisor and Mr. Grueskin were appointed to fill unexpired terms of office, their appointments became effective, without need of Senate confirmation, when they took the oath of office. Section 23-40-104(1)(b), C.R.S. (1986 Supp.).[1] The appointments to new terms of office for yourself and Luanne Hazelrigg cannot become effective, however, until approved by the Senate. Section 23-40-104(1)(b), C.R.S. (1986 Supp.).
Pursuant to the "holdover" provision in our state constitution, Colo. Const. art. XII, § 1,[2] you nonetheless continue to exercise the duties of your former office until a successor thereto has been duly qualified to do so. Peopleex rel. Lamm v. Banta, 189 Colo. 474, 542 P.2d 377 (1975). Similarly, Mr. Ohanian would also continue to function as ade facto officer unless he has been displaced in some fashion.
Article IV, section 6 of the Colorado Constitution permits the Governor to displace holdover de facto officers through interim appointments made "while the senate is not in session."Banta, supra. The inquiry here, then, is whether Mr. Ohanian was displaced by Ms. Hazelrigg through the exercise, of an interim appointment made while the Senate was out of session.
Admittedly, the 1987 legislative session did not end when the Legislature adjourned from June 24 to August 11; the Legislature had not adjourned sine die. However, the "in session" language of article IV, section 6 was designed to meet the practical, not theoretical, concerns of administering state government. People v. Fancher, 50 N.Y. 288 (1872).See also, e.g., United States v. Allocco,200 F. Supp. 868 (D.N.Y. 1961). Read in its entirety, article IV, section 6 recognizes the primary or initiating role of the Governor in the appointment process. Cf. Staeblerv. Carter, 464 F. Supp. 585, 599 (D.D.C. 1979). The Governor, after all, is charged with the responsibility of executing the laws of the state, Colo. Const. art. IV, § 2, and it is vital that he be allowed some latitude in choosing those individuals who he feels are best qualified to implement executive policy. See, e.g., In re AdvisoryOpinion, 247 So.2d 428, 433 (1971). While article IV section 6 certainly advances the interest of having state government administered by individuals chosen by the Governor and approved by the Legislature, no intent is manifested therein to nullify gubernatorial choices in administrators simply because the Senate is prevented, by virtue of a protracted adjournment, from considering nominations.
A cognizable distinction, then, must be recognized between the existence of a legislative session, which conveys an idea about an abstract period of time; and, a legislative body's being "in session," which conveys an idea of a present being or ability to act. Where, as here, the sittings of the Senate are terminated by, in effect, a 6 week recess, it cannot be said that the Senate was "in session" for purposes of being able to consider gubernatorial nominations. Fancher, supra
(Senate not "in session" during adjournment from September 10 to November 20); see also 41 Op. U.S. Att'y General 463, 466-70 (1960) (adjournment from July 3, 1960 to August 8, 1960, qualifies as a "recess of senate," for purposes of exercising presidential interim appointment powers pursuant to article II, section 2, clause 3 of the United States Constitution). The Senate not being "in session" for such purposes, the Governor could appoint Ms. Hazelrigg (and yourself, for that matter) to exercise on an interim basis, the functions of a trustee.
Unlike your authority to act as a trustee, which, because of your "holdover" status, continues until a successor is duly qualified,Banta, supra, Ms. Hazelrigg's authority to act as a trustee continues only until the "next meeting of the Senate when [the Governor] shall nominate and, by and with the consent of the Senate, appoint some fit person to fill such office." Colo. Const. art. IV, § 6. Presumably, the "next meeting of the Senate" would occur with the resumption of the legislative session on August 11, 1987, if the Senate is not precluded from considering nominations at said time. Ms. Hazelrigg's nomination (and yours as well), then, should be submitted to the Senate by the Governor. In the event the Legislature adjourns sine die without the Senate having acted upon Ms. Hazelrigg's nomination, she would lack authority to act as a trustee unless and until she is reappointed by the Governor to serve on an interim basis.
SUMMARY
For diverse reasons, the individuals "appointed" by the Governor in his July 1, 1987 Executive Order are all presently authorized to exercise the duties of members of the University's Board of Trustees: Mr. Wisor and Mr. Grueskin, because they are duly qualified trustees; Ms. Hazelrigg, because she is an interim appointee of the Governor; and yourself, because of your dual status as interim appointee and as "holdover" de facto
officer.[3]
Sincerely,
 DUANE WOODARD Attorney General
GOVERNOR APPOINTMENT PUBLIC OFFICE TERM OF OFFICE
Section 23-40-104(1)(b), C.R.S. (1986 Supp.) 1987 H.B. 1342
Colo. Const. art. IV, § 2
Colo. Const. art. XII, § 1
Colo. Const. art. IV, § 6
GOVERNOR, OFFICE OF HIGHER EDUCATION, DEPARTMENT OF University of Northern Colorado
Previous office holders continue to serve until their successors are confirmed and/or otherwise qualified. The Governor may displace a "holdover" official by exercising his interim appointment power during a 6 week recess of the legislative session.
[1] The Governor's power to singly appoint individuals in this instance contrasts markedly with the much more prevalent statutory procedure for filling vacancies in expired terms of office, which would require Senate confirmation of appointments.
[2] "Every person holding any civil office under the state . . . shall, unless removed according to law, exercise the duties of such office until his successor is duly qualified. . . ." Colo. Const. art. XII, § 2.
[3] I am not unmindful of 1987 H.B. 1342, which became effective on June 15, 1987, and which gives the Governor temporary power to replace Board members "holding office" for the "unexpired term" of the replaced members. If applicable, the new statute would require confirmation of all the appointments except yours, because it specifically requires that a replaced Board member "shall continue to serve until his successor is duly qualified." See People v. Osborne, 7 Colo. 605,4 P. 1074 (1884). The Act is not applicable, however, because: (a) trustees Schoettler and Stokes, whom Mr. Wisor and Mr. Grueskin replaced, were not `holding office" on June 15, 1987, and (b) Trustees Ohanian and yourself, who were holding office on June 15, 1987, had no unexpired term for any replacements to serve as of July 1, 1987.